[No. 11937.   Department Two.   July 30, 1914.]

THOMAS SINNES, *Appellant*, v. FLOYD L. DAGGETT *et al., as Commissioners of the Industrial Insurance Department etc., Respondents.*[1]

MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — PERMANENT PARTIAL DISABILITY — STATUTES — CONSTRUCTION. A workman injured while engaged in a hazardous occupation is not entitled to an award by the industrial insurance commission as for "permanent total disability," but can recover for "permanent partial disability," where his injuries resulted in the loss of portions of his fingers, subd. (b) of the act, 3 Rem. & Bal. Code, § 6604-5, expressly defining permanent total disability as the loss of both legs or both arms, one leg or one arm, total loss of eyesight, etc., and subd. (f) defining permanent partial disability as the loss of one foot, one leg, one hand . . . "one or more fingers," etc.

SAME—AWARD FOR INJURIES—DISCRETION OF COMMISSIONERS — REVIEW BY COURT. Under subd. (f) of § 5 of the workmen's compensation act, 3 Rem. & Bal. Code, § 6604-5, defining permanent partial disability of an employee engaged in a hazardous occupation, and prescribing that the award be paid in a lump sum, but never to exceed $1,500, to be decided by the department, and § 20 of the act (Id., § 6604-20) providing for a review of decisions of the department, so far as such decision rests upon questions of fact, etc., the amount of the award is within the discretion of the department, and will not be reviewed, in the absence of capricious or arbitrary action in fixing the same, especially where the amount allowed the employee was $1,200.

COURTS—POWER TO CORRECT ERROR—INTERLOCUTORY ORDERS—CONCLUSIVENESS. Where, prior to final hearing on an appeal from a decision of the industrial insurance department, the then presiding judge awarded appellant a jury trial, and at the final hearing another judge overruled the holding of the former judge, the first ruling was not conclusive, but was an interlocutory order subject to change and correction before final disposition of the cause.

Appeal from a judgment  of the superior court for King county, Tallman, J., entered March 5, 1914, dismissing an appeal from an award made by the industrial insurance commission, on objection to the jurisdiction.   Affirmed.

[1]Reported in 142 Pac. 5.

22—80 WASH.

*Arctander & Jacobsen*, for appellant.

*The Attorney General* and *John M. Wilson, Assistant*, for respondents.

PARKER, J.—This is an appeal from a judgment of the superior court for King county, disposing of an appeal to that court from an award made to appellant by the industrial insurance commissioners, for injuries received by him while engaged in a hazardous occupation.

In his complaint, filed in the superior court upon his appeal from the award of the commissioners, appellant alleges:

"That at all times herein mentioned the above named claimant and appellant was employed by the said Moore Logging Co. and worked for it in its said logging camp as a common workman or more particularly in the capacity of a 'chaser;' that such employment and work were extra hazardous in character as defined by that certain act relating to compensation for injured workmen, commonly known as the workmen's compensation act and being chapter 74 of the Session Laws of the state of Washington for the year 1911.

"That while claimant and appellant was so engaged and working in said place in said capacity and employment, he was, by reason of negligence attributable to the said logging company, severely and permanently injured and permanently and totally disabled, the injuries so sustained being more particularly as follows, to wit: that the first finger of his right hand has been cut off immediately above the last joint; that the three other fingers of said hand have all been cut off at and below the last joint; that the first finger of the left hand has been cut off shortly below the first joint, and the three other fingers have been entirely lost; that whatever stumps remain of the fingers on his two hands as aforesaid are and will forever remain stiff and entirely useless   .   .   .

"That thereafter the said claimant and appellant duly filed with the said industrial insurance department his application for compensation for said injuries under the said workmen's compensation act and in all respects complied with its provisions in regard thereto.

"That on the 20th day of September, 1913, the said respondents rendered their decision on said application for

compensation, awarding to the said claimant $45 for time loss of one month and one-half and the further sum of $1,200 for permanent partial disability.

"That said decision is erroneous and does not give to the said claimant and appellant the full measure of what he is entitled to under the facts and the law; that said award is inadequate both as to permanent partial disability as well as to permanent total disability; that said decision is not a proper application of the provisions of the said compensation act, and contrary to the facts."

When the cause came on for hearing in the superior court, counsel for the commissioners objected to a trial by a jury, which had been previously demanded by counsel for appellant, and moved for a dismissal of the appeal upon the ground, in substance, that no question of fact was involved therein triable in the superior court, and that the facts alleged in the appellant's complaint did not show any error of law committed by the commissioners in making the award to appellant. The cause was disposed of by the court upon this ground in favor of the commissioners, leaving their award to appellant undisturbed.

Counsel for appellant contend that he is entitled to an award as for "permanent total disability," and that the commissioners erred in making his award, as they did, for "permanent partial disability" only. It is true, appellant alleges in his complaint that he was "permanently and totally disabled," but when we look to his allegations specifically describing his injuries, we find that they consist only of the loss of his fingers, or, rather, portions thereof. This, by the express language of the compensation law, as we read it, amounts only to "permanent partial disability." Subdivision (b) of § 5, page 358, Laws of 1911 (3 Rem. & Bal. Code, § 6604-5), reads:

"(b) Permanent total disability means the loss of both legs or both arms, or one leg and one arm, total loss of eyesight, paralysis or other condition permanently incapacitating the workman from performing any work at any gainful

occupation." (Followed by specifications of compensation to be paid under varying conditions.)

Subdivision (f) of the same section reads:

"Permanent partial disability means the loss of either one foot, one leg, one hand, one arm, one eye, *one or more fingers,* one or more toes, any dislocation where ligaments are severed, or any other injury known in surgery to be permanent partial disability. For any permanent partial disability resulting from an injury, the workman shall receive compensation in a lump sum in an amount equal to the extent of the injury, to be decided in the first instance by the department, but not in any case to exceed the sum of fifteen hundred dollars ($1,-500). The loss of one major arm at or above the elbow shall be deemed the maximum permanent partial disability. Compensation for any other permanent partial disability shall be in the proportion which the extent of such disability shall bear to the said maximum."

We italicize the words of the law especially applicable here. Reading these two provisions together, it seems clear to us that it must be determined, as a matter of law, from the allegations of appellant's complaint, that his injuries consisted only of "permanent partial disability," since they consisted of the loss of portions of his fingers. It is not claimed that he was otherwise injured. Even if trial by jury were a matter of right upon questions of fact in an appeal from an award made by the commissioners (as it is not, by the express provisions of section 20 of the law), the question here presented would still be one of law, determinable by the court, and not by a jury. We are of the opinion that the trial court correctly affirmed the decision of the commissioners, holding that appellant's injuries constituted "permanent partial disability" only.

It is contended that the commissioners, in any event, erred in not awarding appellant the maximum of $1,500, prescribed by the permanent partial disability provision above quoted. Section 20 of the act reads:

"Any employer, workman, beneficiary, or person feeling aggrieved at any decision of the department affecting his interests under this act may have the same reviewed by a proceeding for that purpose, in the nature of an appeal, initiated in the superior court of the county of his residence  .  .  .  in so far as such decision rests upon questions of fact, or of the proper application of the provisions of this act, it being the intent that matters resting in the discretion of the department shall not be subject to review."   3 Rem. & Bal. Code, § 6604-20.

Manifestly, the amount of the award was within the discretion of the commissioners, limited only by the prescribed maximum of $1,500.   Clearly, the court would not be warranted in disturbing the decision of the commissioners upon a question of this nature, unless, possibly, their decision might be reviewed by the courts upon such a question were they charged with capricious or arbitrary action in fixing the amount of their award.   No such claim is made against the commissioners upon this appeal.   To what extent their decisions might be reviewed and controlled by the courts for such a cause, we are not called upon to determine at this time. Manifestly, an award so near the maximum amount as this award is does not evidence, within itself, arbitrary or capricious action on the part of the commissioners.

Some time prior to the final hearing in the superior court, appellant filed a written demand for a jury trial.   Objections were filed thereto by counsel for the commissioners.   At that time, the then presiding judge overruled the objections of counsel for the commissioners, thus, in effect, awarding appellant a jury trial.   Another judge of the same court presided at the final hearing and, as we have seen, his ruling and decision at that time, in effect, overruled the holding as to appellant's right to a jury trial previously made.   Some contention is now made that the first ruling was conclusive and binding, and should have controlled at the final hearing.   We do not think so.   Such interlocutory rulings are subject to change and correction before the final disposition of a cause

in which they are made, and the fact that such rulings have been made by another judge of the court is of no consequence. *Shephard v. Gove*, 26 Wash. 452, 67 Pac. 256; and *Philips & Co. v. Langlow*, 55 Wash. 385, 104 Pac. 610. We conclude that the judgment of the superior court must be affirmed.

It is so ordered.

CROW, C. J., MOUNT, FULLERTON, and MORRIS, JJ., concur.