[No. 13507.  Department Two.  February 2, 1917.]

CHARLES B. CHALMERS, *Respondent*, v. INDUSTRIAL
INSURANCE COMMISSION, *Appellant*.[1]

MASTER AND SERVANT—WORKMEN'S COMPENSATION—AWARD — DIS-
CRETION—REVIEW—APPEAL — STATUTES — CONSTRUCTION.  Where the
industrial insurance commission made an award of $225 for partial
disability on account of an injury to an arm, the amount of an
award for permanent disability by loss of an arm being limited to
$1,500, an appeal seeking the maximum amount for total disability,
involves only a question of the commission's discretion touching the
amount of the award, under Rem. Code, § 6604-20, which provides
that matters resting in the discretion of the department shall not be
subject to review; notwithstanding such section further provides
for an appeal, "in so far as such decision rests upon questions of
fact," with the further provision that the "calling of a jury shall
rest in the discretion of the court;" hence the decision will not be
reviewed on appeal except for abuse of discretion.

Appeal from a judgment of the superior court for What-
com county, Pemberton, J., entered October 11, 1915, upon
findings in favor of the plaintiff, reversing on appeal a de-
cision of the industrial insurance commission, denying an
award of compensation.  Reversed.

*The Attorney General* and *John M. Wilson* and *Howard
Waterman, Assistants*, for appellant.

*C. A. Swartz*, for respondent.

PARKER, J.—This is an appeal by the industrial insurance
commission from a judgment of the superior court for What-
com county rendered in favor of the claimant, Charles B.
Chalmers, upon an appeal from the decision of the commis-
sion refusing to grant him an additional award after making
an award to him for an injury received in an extra hazardous
occupation.

Claimant's left arm was injured in February, 1914, re-
sulting, as he now claims, in permanent partial disability.

[1]Reported in 162 Pac. 576.

He applied to the commission for an award of compensation from the accident fund. Thereafter,. in August, 1914, the commission, after due consideration, awarded him $225. He insists that this award was not then made to him as a final determination of the total amount he was entitled to, and that that amount was arrived at by the commission upon the theory that he had lost five months' time from his employment and was entitled to compensation therefor at the rate of $45 a month, amounting in all to $225. Soon thereafter, he insisted upon further allowance, and thereafter, on December 16, 1914, was duly notified by the commission that the award of $225 was final and that his case would not be reopened. No appeal was taken from this final decision of the commission within the twenty days prescribed by the statute, or at all. In March, 1915, he again applied to the commission for an additional award, upon the ground that his injury had become aggravated and amounted to permanent partial disability; evidently relying upon his right to have the case reopened and further considered under subdivision h, section 1 of the workmen's compensation act, Laws 1913, p. 467, being subdivision h, § 6604-5, Rem. Code.

Thereafter, on March 27, 1915, at the request of the commission, he appeared before it and was thoroughly examined by two physicians with the view of determining the nature of his then ailment and its relation to his original injury. On April 14, 1915, the commission, having considered the question of opening the case and awarding him further compensation, rendered its decision refusing to so open the case or award him further compensation, and he was duly notified accordingly. On April 29, within the twenty days prescribed by statute, he appealed from this decision of the commission to the superior court for Whatcom county, that being the county of his residence. The trial in that court without a jury resulted in findings and judgment reversing the decision of the commission, with direction to the commission to further "compensate the plaintiff and make an allowance during such

further time as he is disabled," but leaving the amount to be so awarded to be decided by the commission. From this disposition of the case in the superior court, the commission has appealed to this court.

Upon the trial in the superior court, the testimony of the claimant's physician was the only opinion or expert evidence of any consequence which tended to show that his then existing ailment was of a permanent nature or that it was traceable directly to his injury; while the testimony of four physicians of apparent ability and learning who had thoroughly examined the claimant tended to show that his ailment was not permanent and not traceable to his original injury. The learned trial judge seemed to be of the opinion that, were it a case determinable from this opinion evidence alone, the claimant could not be considered as having sustained his case by a preponderance of the evidence; but, taking into consideration his appearance and certain tests made in the court's presence having to do with the condition of his arm, the court reached the conclusion that he was entitled to further compensation. It seems plain that the claimant's arm, when at rest, is to all outward appearances practically normal as to size, form, color, etc. He seems, however, to have the use of it impaired. This impairment, in the opinion of the physicians who examined him and testified for the commission, was regarded more a result of want of exercise of the arm than from any other cause. His own physician regarded this condition of the arm as one of atrophy or approaching it, though the other four physicians were unable to see any such condition except as it might show some such slight tendency for want of exercise. It also appeared from tests made in the court's presence that the claimant was not sensitive to pin pricks, even though made somewhat vigorously upon his arm. We think it is plain that the present affliction of the claimant falls far short of total permanent disability of his arm; indeed, it does not seem to be so contended, though it may be con-

ceded that there is in some measure a partial permanent disability thereof.

The portion of the workmen's compensation act which it seems necessary to here notice, referring to sections of Rem. Code, are the following:

"Permanent partial disability means the loss of either one foot, one leg, one hand, one arm, one eye, one or more fingers, one or more toes, any dislocation where ligaments are severed, or any other injury known in surgery to be permanent partial disability. For any permanent partial disability resulting from an injury, the workman shall receive compensation in a lump sum in an amount equal to the extent of the injury, to be decided in the first instance by the department, but not in any case to exceed the sum of fifteen hundred dollars ($1,500). The loss of one major arm at or about the elbow shall be deemed the maximum permanent partial disability. Compensation for any other permanent partial disability shall be in the proportion which the extent of such disability shall bear to the said maximum. . . .

"If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated in any case the department may, upon the application of the beneficiary or upon its own motion, readjust for future application the rate of compensation in accordance with the rules in this section provided for the same. . . ." Rem. Code, § 6604-5.

"Any employer, workman, beneficiary, or person feeling aggrieved at any decision of the department affecting his interests under this act may have the same reviewed by a proceeding for that purpose, in the nature of an appeal, initiated in the superior court of the county of his residence . . . in so far as such decision rests upon questions of fact, or of the proper application of the provisions of this act, it being the intent that matters resting in the discretion of the department shall not be subject to review. The proceedings in every such appeal shall be informal and summary, but full opportunity to be heard shall be had before judgment is pronounced. . . . The calling of a jury shall rest in the discretion of the court. . . . In all court pro-

ceedings under or pursuant to this act the decision of the department shall be *prima facie* correct, and the burden of proof shall be upon the party attacking the same." Rem. Code, § 6604-20.

Counsel for the commission contend that the question presented upon these appeals is only one of discretion in the commission and that, therefore, it is not reviewable in the courts, relying upon that portion of § 6604-20 which reads: "It being the intent that matters resting in the discretion of the department shall not be subject to review." Counsel for the claimant contends that the question presented is one of fact, reviewable by a trial *de novo* in the superior court upon such evidence as may be there produced; conceding, however, that the burden of proof is upon an appellant in such cases, in view of the concluding language of § 6604-20, providing that "the decision of the department shall be *prima facie* correct and the burden of proof shall be upon the party attacking the same." In view of the language of that section providing for review in the courts of the decision of the commission "in so far as such decision rests upon questions of fact," and the further provision that "the calling of a jury shall rest in the discretion of the court," the conclusion, it would seem, cannot be escaped that there are some questions of fact which are reviewable in the courts by trial *de novo* upon such evidence as may be there presented. When, however, we are reminded that the commission did make an award of $225 to the claimant because of his injury, and that the amount of the award for permanent partial disability may be in any amount not exceeding $1,500, this case, in its last analysis, seems to involve only the question of the commission's discretion touching the amount of the award which it shall make under the law to the claimant. *Sinnes v. Daggett*, 80 Wash. 673, 142 Pac. 5.

If the commission had found that the claimant was not injured and had never made any award to him, it might be argued with some show of reason that the question of whether

or not he was injured and entitled to an award in some amount would, upon appeal, become a question of fact, triable *de novo* as such in the superior court. We then have, as we view it, nothing more than the question of whether or not the commission so abused its discretion that it in effect failed or refused honestly to exercise it. In other words, whether or not it acted so capriciously and arbitrarily as to warrant the court's interference with its decision. It seems to us that we would have to find such an abuse of discretion before we would have a case warranting such interference by the courts, assuming, for argument's sake, that this discretion of the commission can be interfered with by the courts under any circumstances. We are quite clear that no such showing is made in this case.

We are of the opinion that the court under no view of this case can interfere with the decision of the commission. The judgment of the superior court is reversed, and the decision of the commission is affirmed.

MORRIS, MOUNT, and HOLCOMB, JJ., concur.

FULLERTON, J., concurs in the result.