[No. 15218.   Department Two.   June 12, 1919.]

ETHEL FOSTER, *Respondent*, v. INDUSTRIAL INSURANCE
COMMISSION, *Appellant*.[1]

MASTER AND SERVANT (121-2)—WORKMEN'S COMPENSATION ACT—
ADOPTION OF FIXED SCHEDULE—CAPRICIOUSNESS—REVIEW. Under Rem.
Code, § 6604-20, allowing an appeal from an award of damages by the
industrial insurance commission upon questions of fact, the action
of the commission is not capricious or arbitrary in that an award
for $150 for the loss of part of a finger was determined by a system
of "degree" classifications made by the commission under Laws
1917, p. 81, § 1, subdiv. f., which names fixed sums from $2,000 to
$1,300, for the loss of various major parts of a leg or arm, and
requires that compensation for other permanent partial disability
shall be in the proportion which the extent of the disability shall
bear to the disabilities specified in the act most closely approximat-
ing such other disability in degree of disability.

SAME (121-2)—AWARD BY SINGLE MEMBER OF COMMISSION. An
award of $150 for the loss of part of a finger, according to the
schedule fixed, is not capricious or arbitrary in that it was made
by only one of the commissioners, where the schedule was adopted
by the commission as a whole, by its "degree" classifications under
Laws 1917, p. 81, § 1, subdiv. f., which contemplates that individual
awards be made in the exact sum provided by a definite and uniform
schedule.

Appeal from a judgment of the superior court for
King county, Frater, J., entered September 23, 1918,
upon findings in favor of the plaintiff, setting aside
an award for personal injuries and directing the pay-
ment of a greater sum, upon appeal from the ruling of
the industrial insurance commission.   Reversed.

*The Attorney General* and *D. E. Twitchell, As-
sistant,* for appellant.

*Walter S. Fulton,* for respondent.

HOLCOMB, C. J.—On the 26th day of April, 1918,
respondent filed with the industrial insurance com-

'Reported in 181 Pac. 912.

mission her claim for compensation, alleging that, on the 22d day of April, 1918, while engaged in an extra hazardous occupation in the city of Seattle, King county, Washington, she sustained an injury which resulted in the amputation of the middle finger of the left hand at the distal joint (that being the joint nearest the finger-nail) and a laceration about an inch long over the dorsal surface of her ring finger of the left hand. Her injury was classified by the commission as a "permanent partial disability" of the affected area, who awarded her the sum of $48.45 for time lost and the further sum of $150 for the permanent partial disability. Dissatisfied with the amount of the award, respondent thereupon appealed from the ruling of the commission to the superior court for King county, her appeal being heard on September 18, 1918. At the close of respondent's testimony, the appellant moved to dismiss the appeal, which motion was denied; and, after hearing respondent's evidence, judgment was entered reversing the action of the commission, setting aside the award of the commission, and remanding the claim to the commission with directions to pay the claimant the sum of $400, together with her costs, and allowing an attorney's fee of $25. From the lower court's action, the commission brings this appeal.

The question of fact as to the injury being undisputed, the cause presents several questions of law for our determination. The theory of the appeal, basically, is that the award of the commission is inadequate as compensation for the injury sustained. We can readily understand and sympathize with the vigorous protest of His Honor, the trial judge, for we also regard the award as pitifully inadequate; but, as we shall see, the correction of such insufficiency is neither

with the courts nor with the commission, but must be remedied by the legislative function of the state alone. The industrial insurance act is not one designed to award full compensation to each individual for all such damages as such individual would be entitled to in his peculiar circumstances, but is only a system of limited insurance whereby all industrial employees within the statute are paid definite but limited amounts for injuries, without regard, as we have said, to the particular individual circumstances or needs of the injured employee. The injury alone is the subject which can be considered by the commission under the statute, and applies to and covers all classes of injuries alike.

To consider, now, the first proposition presented for our determination: Rem. Code, § 6604-20, is very definite as to the matter of appeal from the award of the commission to the superior court.

"Any . . . workman, or person feeling aggrieved at any decision of the department . . . may have the same reviewed by . . . an appeal . . . in so far as such decision rests upon questions of fact . . . *it being the intent that matters resting in the discretion of the department shall not be subject to review* . . . In all court proceedings under or pursuant to this act, the decision of the department shall be *prima facie* correct, and the burden of proof shall be upon the party attacking the same."

To the limitation of appeal made in this statute, this court has suggested the qualification that an award might be reviewed by the courts were the commission charged with "capricious or arbitrary action in fixing the amount of their award." *Sinnes v. Daggett,* 80 Wash. 673, 142 Pac. 5. The respondent, feeling aggrieved at the inadequacy of the award, based her appeal therefrom upon the alleged "capricious and arbitrary action" of the commission, manifested in

two ways; first, in the method it has adopted of scheduling the amount of compensation to be awarded any given injury; and second, upon the fact that, in this particular instance, the award was made by a single member of the commission, instead of by all three members.

Has the superior court authority to declare that the system of awards as practiced by the commission is capricious and arbitrary? For this is practically what the superior court in this case has done by substituting its award for that of the commission.

The question may be answered by a reference to the statute. Subdivision f of § 1, ch. 28, Laws of 1917, p. 81, provides in part:

"For the permanent partial disabilities here specifically described, the injured workman shall receive compensation as follows:

Loss of one leg amputated so near the thigh
    that an artificial limb cannot be worn......$2,000.00
Loss of one leg at or above the knee so that an
    artificial limb can be worn............... 1,900.00
Loss of one leg below the knee.............. 1,300.00
Loss of the major arm at or above the elbow.. 1,900.00
Loss of the major hand at wrist............. 1,600.00

. . . . . .

"Compensation for any other permanent partial disability shall be in the proportion which the extent of such other disability shall bear to that permanent partial disability above specified which most closely resembles and approximates in degree of disability such other disability, but not in any case to exceed the sum of two thousand dollars ($2,000.00)."

Under this statute the claimant receives compensation for his injuries irrespective of his earning ability and irrespective of any other thing except the loss which he has sustained. Appellant introduced in evidence a schedule it has adopted by means of which any given loss, for instance, that of the finger, receives

a certain definite award, determined by a system of "degree" classifications; injuries not specified by the statute being therein proportionately related to injuries specified by the statute. The respondent was awarded compensation according to this schedule.

It will be seen from the statute that the commission is limited to merely arranging a schedule within limitations carefully laid down. Not only is a total sum prescribed for a specified loss, but where an injury is not one of those so specified in the statute, the commission is ordered to make an award proportionate to the award specified "which most closely resembles and approximates in degree of disability such other disability" (that is, a specified disability). Of course, under this statute, the courts have authority to determine whether or not a schedule adopted by the commission for unspecified injuries is properly proportionate to the most closely related specified injury. That question is not raised in this action.

Obviously, a superior court cannot say that an award made from a schedule so defined and limited by law as is this and of so universal and uniform application is a capricious and arbitrary one; an inadequate one, as in this instance it is, but inadequacy is not synonymous with capriciousness.

The extent and nature of an injury is a matter, of course, for competent medical knowledge to determine. But, as we have indicated, there is no question as to the injury itself, the physician of respondent does not take issue with the physician of appellant who classified the injury.

The question then remains, Was the fact that the award was made by one commissioner instead of three an irregularity sufficient to justify reversing the award? We, of course, agree with respondent's contention that, respecting plural boards and commissions,

generally speaking, "the law contemplates that all will meet together so that the public will have the benefit of their combined judgment and discussion." (Mechem, Public Officers, § 577). But it is almost to reduce that principle to an absurdity to claim that it applies to ministerial acts merely following an agreed and prescribed course of procedure. The commission by adopting the schedule of awards had, as to an injury determined by competent medical knowledge to be within a given degree of the schedule, precluded any necessity for "the combined judgment and discussion" of the whole commission on each or any individual award. The fixing of the degree fixed the amount of the award. The one member of the commission in this case merely declared the amount of award allowed by the schedule for an injury such as was certified to the commission by the commission's physician, nor could the commission collectively have done more or less.

The respondent says:

"Had the legislature intended that a fixed and arbitrary schedule should be applied in the awarding of compensation, it would have embodied it in the compensation act."

As we read the statute, this is precisely what the legislature did design, namely, to insure that the commission would fix a definite and uniform schedule. We have seen how, under subd. f, § 1, ch. 28, Laws of 1917, p. 81, the more common injuries resulting in permanent partial disabilities are specifically set forth and compensated for in exact sums; and for those not therein set forth a very definite principle of compensation is provided, as we have seen, on the proportionate rating of the unspecified injury to the specified injury which "most closely resembles and approximates it." In view of the myriad possibilities of hu-

man injuries, this is as definite and comprehensive as a statute could well be.

The judgment of the lower court is reversed and the decision of the commission affirmed.

MOUNT and PARKER, JJ., concur.

FULLERTON, J., concurs in the result.