[No. 16428. Department One. July 21, 1921.]

A. L. WHIPPLE, *Appellant,* v. INDUSTRIAL INSURANCE COMMISSION, *Respondent.*[1]

MASTER AND SERVANT (121-2)—WORKMEN'S COMPENSATION—REMEDIES—APPEAL—REVIEW. Under Rem. Code, §§ 6604-5, 6604-20, an award by the industrial insurance commission for an injury, properly classified as "permanent partial disability" not being subject to review by the courts, except for arbitrary or capricious action on its part, an award of $400 will not be disturbed where it appears the commission acted upon the testimony of competent physicians, some of them considering plaintiff's injury to be very severe and probably lasting, while others concluded that his injury was not so severe.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered January 6, 1921, upon findings in favor of the defendant, upon appeal from an order of the industrial insurance commission, after a trial on the merits to the court. Affirmed.

*Govnor Teats, Leo Teats,* and *Ralph Teats,* for appellant.

*The Attorney General* and *John H. Dunbar, Assistant,* for respondent.

BRIDGES, J.—On April 1, 1919, the appellant was injured while engaged in his duties as an employee of a shingle mill located in Lewis county, Washington. He made application to the industrial insurance commission for compensation under the workmen's compensation act of this state. Ultimately the commission classified his injury as a permanent partial disability, and he was awarded the sum of $400, in addition to time lost. Being dissatisfied with the award, he appealed to the superior court of Pierce county, where, after a hearing, the order of the commission was

[1]Reported in 199 Pac. 455.

affirmed.  He has appealed to this court from that judgment.

In his complaint in the superior court he alleged that the commission ''made an award or final settlement in the sum of $400, allowing only for the permanent partial disability of the plaintiff, which said award is insufficient according to law for the injury received by the plaintiff, and which said award was in fraud of all the rights of the plaintiff and done without consideration of the plaintiff's injury, and done by said commission arbitrarily and illegally. . . .  That said award should have been for permanent partial disability and in the sum of $2,000.''

The appellant seems not to dispute the correctness of the classification of his injury, to-wit, permanent partial disability, but contends that the sum awarded him was insufficient, considering the severity of his injury.  Section 6604-5 (f) Rem. Code, defines a permanent partial disability, and fixes specific amounts to be paid for certain common injuries, and provides that ''compensation for any other permanent partial disability shall be in the proportion which the extent of such disability shall bear to that permanent partial disability above specified which most closely resembles and approximates the degree of such other disability, but not in any case to exceed the sum of $2,000.''

Section 6604-20 Rem. Code, provides as follows:

''Any employer, workman, beneficiary or person feeling aggrieved at any decision of the department affecting his interests under this act may have the same reviewed by a proceeding for that purpose, in the nature of an appeal, initiated in the superior court of the county of his residence (except as otherwise provided in subdivision (1) of section numbered 6604-5) in so far as such decision rests upon questions of fact, or of the proper application of the provisions of this act, it being the intent that matters resting in the discretion of the department shall not be subject to review. . .''

It has become the settled doctrine of this court that where an injured person has been properly classified under the workmen's compensation act, the amount to be paid is entirely discretionary with the commission, and its award will not be reviewed by the courts, except for arbitrary or capricious action on its part in making the award. In the case of *Parker v. Industrial Insurance Dept.*, 102 Wash. 54, 172 Pac. 830, Judge Chadwick, speaking for the court, said:

"The meaning of the act is that all questions going to the classification of an injured workman and his right to participate in the insurance fund are questions of fact and subject to review, upon appeal, by court or jury; but the amount of the award upon a proper classification is a matter resting in the broad discretion of the department and will not be interfered with:

" 'Unless possibly, their decision might be reviewed by the courts upon such a question were they charged with capricious or arbitrary action in fixing the amount of their award.' *Sinnes v. Daggett, supra*, 80 Wash. 673, 142 Pac. 5.

"Whether an injured employee comes within one class or another is a fact, and an injured workman may not be made subject to an erroneous classification without a right of review. . . .

" 'Questions of fact' within the meaning of the act, means all questions resting in fact, and all facts necessary to be ascertained before a workman is classed as a beneficiary, and upon which his classification is made. Discretion means the conduct of the department with reference to all matters pertaining to the administration of the claim after the workman is properly classified."

The same doctrine was announced in *Chalmers v. Industrial Insurance Comm.*, 94 Wash. 490, 162 Pac. 576; *Sinnes v. Daggett*, 80 Wash. 673, 142 Pac. 5; *Foster v. Industrial Insurance Comm.*, 107 Wash. 400, 181 Pac. 912.

Under the statute as construed by this court, we are prohibited from considering the question as to whether appellant has been properly and sufficiently compensated for his injury in cases where the injury has been properly classified, unless we can find from the testimony that the commission, in making the award, acted fraudulently or arbitrarily and without reference to the facts. We have read the testimony and are convinced therefrom that the commission in making its award acted honestly and with the intention of complying with the letter and spirit of the statute. The testimony shows that at the instance of the commission the appellant was examined by several well known physicians. As is very often the case, the physicians disagreed. Some of them considered appellant's injury to be very severe and probably lasting, whereas other equally competent physicians concluded that his injury was not so severe. Under these circumstances, we cannot hold that the commission acted capriciously or arbitrarily, or without a due and honest consideration of appellant's rights. The lower court, who heard the witnesses, refused to believe that the commission had acted arbitrarily, and we think its judgment in that regard was correct and should be upheld. The judgment is affirmed.

PARKER, C. J., MACKINTOSH, FULLERTON, and HOLCOMB, JJ., concur.