[No. 16832.   Department Two.   May 1, 1922.]

## FRED L. TAYLOR, *Respondent,* v. THE INDUSTRIAL INSURANCE COMMISSION, *Appellant.*[1]

TRIAL (21)—CONDUCT—EXCLUSION OF JURORS DURING ARGUMENT. During argument of objections to a jury trial, the court has no authority to exclude the jurors who had not been duly impaneled and sworn.

MASTER AND SERVANT (121-2)—WORKMEN'S COMPENSATION ACT—REMEDIES—REVIEW. Upon an appeal from an award of the industrial insurance commission, it is not error to grant a jury trial, in view of Rem. Comp. Stat., § 7697, providing that the calling of a jury rests in the discretion of the court, except that either party is entitled to a jury on demand under cases falling within Id., §§ 7683, 7690 and 7691.

SAME (121-2). Under Rem. Comp. Stat., § 7697, providing for appeals from awards by the industrial insurance commission on "questions of fact" and that matters resting in the discretion of the department shall not be subject to review, where the commission properly classified the injury as permanent partial disability, no appeal lies from the department's decision, upon conflicting evidence, as to the degree of injury sustained or the proportion which a partial permanent disability in the instant case bears to the disability specified in the statute which most closely resembles and approximates it in degree; since that rests in the discretion of the commission.

Appeal from a judgment of the superior court for King county, French, J., entered April 29, 1921, upon the verdict of a jury rendered in favor of the plaintiff, on appeal from an award of the industrial insurance commission.   Modified.

*The Attorney General* and *John H. Dunbar, Assistant,* for appellant.

*Hastings & Stedman (Donald G. Graham,* of counsel), for respondent.

[1]Reported in 206 Pac. 973.

HOLCOMB, J.—Respondent, while employed as a workman in the plant of Skinner & Eddy, in Seattle, on July 19, 1919, was injured. A crane ran over his left hand, injuring it to such an extent that the index finger was subsequently amputated. In due course of time he proceeded to present his claim to the industrial insurance commission, where his injury was classified as a permanent partial disability, after he had been examined by Dr. Dudley of Seattle, and Dr. Bird, chief medical officer of the industrial insurance commission. Upon the report of the physicians, he was awarded by the commission for eighteen degrees of injury, or $450, which respondent refused, and an appeal was taken by him to the superior court for King county, where he resided.

A trial was ordered by the presiding judge, over the objection of appellant, to a jury, which resulted in a finding by the jury that the disability of respondent was 55% of the amount he would have received if his injury had consisted of the loss of the major hand at the wrist, which was reduced by the trial court to 50%, or an award of $800. Section 6604-5, subd. f, Remington's 1915 Code,[1] provides that $1,600 shall be paid for the loss of a major hand at the wrist. Judgment was then entered in conformity with this reduced verdict. A motion for a new trial was unsuccessfully made, and the commission appeals from the judgment of the court.

When the case was called for trial before the superior court, objection was made by appellant to a trial by a jury, and in contemplation thereof counsel for appellant moved the court to exclude the talesmen from the court room while the motion to quash the demand for a jury was argued. This was refused by the court, and is urged as error by appellant.

[1]NOTE: See Rem. Comp. Stat., § 7679.

We agree with the trial court that he had no authority to send anyone out of the court room unless he excluded the public generally for reasons of public policy, except the jury after a jury had been duly empaneled and sworn. In any event, we can see no prejudice that could possibly result to appellant from the presentation of this motion in the presence of talesmen or jurors.

It is next urged that the court erred in overruling appellant's motion to quash the demand for a jury. Section 6604-20, Rem. 1915 Code (P. C. § 3488), provides that the calling of a jury shall rest in the discretion of the court, except that in cases arising under §§ 6604-9, 6604-15 and 6604-16, Rem. Code (P. C. §§ 3477, 3483, 3484), either party shall be entitled to a jury trial upon demand. [See Rem. Comp. Stat., §§ 7683, 7690, 7691.] Under this broad provision, the assignment urged by appellant is untenable. If there were any questions of fact whatever to be determined upon the appeal of the injured party from the decision of the commission, they were properly triable before a jury if the court so ordered, and necessarily if they fell within the sections above referred to.

The principal question to be determined upon this appeal is whether there were any proper questions of fact triable by a court and jury.

There is some dispute between the physicians who testified as to the extent of the injuries. The physician for the Skinner & Eddy corporation, who treated respondent at the time of the injury and for some time thereafter, testified that the hand was extensively wounded; that the flesh was torn from the hand so that one could look through the hand, and that the wound involved the entire palm of the hand and laid the whole tissues of the hand open in the form of a wound; that

the index finger was broken and the metacarpal bone of the index finger in the hand was broken. The superficial layer, or fascia, in the hand was entirely destroyed. Dust and dirt were ground into the hand; the blood vessels were exposed and some of them destroyed; the nerves and tendons were exposed and the tendons in places were crushed; the deep fascia was exposed; a cut across the back of the hand was filled with dirt, oil and rust. It was testified that respondent, besides suffering the loss of the index finger by amputation, has lost substantially all the use of the middle finger and of the ring finger, and the gripping power of the little finger, and that the scar on the hand is a permanent disability; that there is no sensation in the fingers of the left hand, and that respondent has lost at least 50% of the power and use of the left hand. On the other hand, the physicians for the appellant testified that there was loss of the index finger; that there was a very slight diminution of the flexion of the middle finger, and that a scaration of the tissues of the hand existed to a slight degree. Upon the report of the physicians and the recommendation of the chief medical officer, respondent was allowed compensation for injuries as follows: (1) loss of index finger, 11½ degrees; (2) limitation of flexion of middle finger, 2½ degrees; (3) injury to the scar tissues in the hand, 4 degrees.

For a permanent partial disability not specifically described in Rem. 1915 Code, § 6604-5[1], the commission has devised a classification by degrees. Each degree amounts to $25 compensation. The statute prescribes $1,600 for loss of the major hand at the wrist, and provides further for compensation for any other permanent partial disability in the proportion which the ex-

[1]NOTE: See Rem. Comp. Stat., § 7679.

tent of such other disability shall bear to the permanent partial disability specified in the statute which most closely resembles and approximates in degree of disability such other disability, but in no case to exceed the sum of $2,000. For loss of the minor hand at the wrist, a rating of 62 degrees of compensation, or $1,550, is given. The chief medical officer of appellant reported and testified to a little more than one-third disability, or 33 1/3 per cent; but the actual award made to respondent was only 29 per cent disability. A 33 1/3 per cent award based on $1,550 for the loss of the entire left hand, as a simple arithmetical calculation shows, would amount to $516.65.

The trial court considered that the case was one to be determined by the court and a jury, under the decision in *Foster v. Industrial Ins. Comm.*, 107 Wash. 400, 181 Pac. 912. That case contains the following language:

"Not only is a total sum prescribed for a specified loss, but where an injury is not one of those so specified in the statute, the commission is ordered to make an award proportionate to the award specified 'which most closely resembles and approximates in degree of disability such other disability' (that is, a specified disability). Of course, under this statute, the courts have authority to determine whether or not a schedule adopted by the commission for unspecified injuries is properly proportionate to the most closely related specified injury. That question is not raised in this action."

Appellant contends that the language above quoted "of course, under this statute, the courts have authority to determine whether or not a schedule adopted by the commission for unspecified injuries is properly proportionate to the most closely related specified injury" is, as shown by the succeeding sentence, mere dictum in that case, or, if not, that it is only applicable where

there is no dispute as to the extent of the injury itself. On the other hand, respondent contends that the language quoted from that decision is in harmony with the express language of the statute, § 6604-20, Rem. 1915 Code (P. C. § 3488), which provides for an appeal by the person feeling aggrieved at any decision of the department, and have the same reviewed in the proper court: ''in so far as such decision rests upon questions of fact, or of the proper application of the provisions of this act, it being the intent that matters resting in the discretion of the department shall not be subject to review.'' [Rem. Comp. Stat., § 7697.]

And respondent contends further that, under the plain language of the statute, certain former decisions of this court, *Parker v. Industrial Insurance Dept.*, 102 Wash. 54, 172 Pac. 830; *Chalmers v. Industrial Insurance Comm.*, 94 Wash. 490, 162 Pac. 576; *Sinnes v. Daggett,* 80 Wash. 673, 142 Pac. 5, are erroneous and should be overruled or modified.

In *Sinnes v. Daggett, supra,* we said:

''Manifestly, the amount of the award was within the discretion of the commissioners, limited only by the prescribed maximum of $1,500. Clearly, the court would not be warranted in disturbing the decision of the commissioners upon a question of this nature, unless, possibly, their decision might be reviewed by the courts upon such a question were they charged with capricious or arbitrary action in fixing the amount of their award.''

In *Chalmers v. Industrial Insurance Comm., supra,* we said:

''If the commission had found that the claimant was not injured and had never made any award to him, it might be argued with some show of reason that the question of whether or not he was injured and entitled to an award in some amount would, upon appeal, become a question of fact, triable *de novo* as such in the

superior court. We then have, as we view it, nothing more than the question of whether or not the commission so abused its discretion that it in effect failed or refused honestly to exercise it. . . . It seems to us that we would have to find such an abuse of discretion before we would have a case warranting such interference by the courts, assuming, for argument's sake, that this discretion of the commission can be interfered with by the courts under any circumstances.''

In the *Parker* case, *supra,* we said:

''The meaning of the act is that all questions going to the classification of an injured workman and his right to participate in the insurance fund are questions of fact and subject to review, upon appeal, by court or jury; but the amount of the award upon a proper classification is a matter resting in the broad discretion of the department and will not be interfered with:

'' 'Unless, possibly, their decision might be reviewed by the courts upon such a question were they charged with capricious or arbitrary action in fixing the amount of their award' *Sinnes v. Daggett, supra.* . . .

'' 'Questions of fact,' within the meaning of the act, means all questions resting in fact, and all facts necessary to be ascertained before a workman is classed as a beneficiary, and upon which his classification is made. Discretion means the conduct of the department with reference to all matters pertaining to the administration of the claim after the workman is properly classified.''

We further illustrated the meaning of our decisions, including that of *Foster v. Industrial Insurance Comm.,* *supra,* in the recent cases of *Sweitzer v. Industrial Insurance Comm.,* 116 Wash. 398, 199 Pac. 724, and *Whipple v. Industrial Insurance Comm.,* 116 Wash. 341, 199 Pac. 455. In the *Sweitzer* case, *supra,* it was said:

''While it must be confessed that the statute defining the questions that may be reviewed on an appeal from the conclusions of the Industrial Insurance Commis-

sion is somewhat indefinite, we have heretofore construed it to preclude a review of the amount of the award made by that body.'' Then after quoting from *Parker v. Industrial Insurance Dept., supra*:

''Here, there is no question that the department properly classified the injury. The law provides for but three classifications, namely, temporary total disability, permanent total disability, and permanent partial disability, and the respondent's injury, in so far as it is brought into question in the proceeding, is of the latter class. Within the latter classification there are of course degrees, some of which entitle the injured workman to a higher award than do others, but the degree of injury within the classification affects only the amount of the award and since it is the exclusive province of the department to determine the amount, it is likewise their exclusive province to determine the degree of the injury. A case can arise of course where the degree of the injury may be inquired into. If, for illustration, a workman's arm should be severed between the elbow and the wrist and the department should diagnose it as an injury to the thumb, unquestionably the court would say that an erroneous conclusion had been reached. But it would so say because the conclusion was without due consideration of the facts; in other words, that it was arbitrary and capricious. Where, however, as here, there is room for an honest difference of opinion, and the department, after due investigation, determines the injury to be of a certain degree within its proper classification, the courts have no warrant to interfere with their findings.''

The illustration used in the foregoing quotation exactly illustrates the meaning of the *Foster* case, *supra*, and, as expressed by appellant in this case, if the workman was injured by losing all his fingers and thumb on his major hand, which is a permanent partial disability for which no definite amount of award is fixed by statute, and there was no dispute as to the extent of the injury, and appellant fixed a schedule of awards which

allowed the workman for such injury only $50, the courts would have power to determine that the schedule which allowed the workman only $50 for such injury would not be properly proportionate to the most closely related specified injury.

Unless we limit the power of interference on the part of the courts with the administration of the industrial insurance act by the body empowered by law to administer it, to a great extent the intent of the law will be defeated.

The rule as to how far the courts may inquire into the facts on appeals from awards or orders of the commission has become well established. Notwithstanding the persuasive argument of counsel for respondent that this court has assumed to itself functions of legislators in determining what facts determined by the commission are reviewable by the court, and that the doctrine that all findings of fact of an administrative commission are to be treated as sacrosanct, is both absurd and dangerous, we consider it inadvisable to vacillate from the well-established rule.

However, the award of the commission was incorrect under its own findings. The chief medical officer having found and reported that respondent had suffered an injury to the extent of one-third, or a little more, to his minor hand, he was entitled to $516.65, or upon the basis of 20.66 degrees of injury. The award made by the commission was, therefore, either arbitrarily reduced from the proper amount, or was made by error of calculation. Awards to injured workmen for injuries received are generally small at best and should be as full as the law warrants. Under the power of this court (§ 1737, Rem. 1915 Code; P. C. § 7322), when the matter is brought before this court on appeal, to affirm, reverse or modify any such judgment or order appealed from as to any or all of the parties, and direct-

ing the proper order or judgment to be entered, having the entire record before us, we consider it only just that the commission be directed to enter an award in favor of respondent for the sum of $516.65, instead of $450 awarded.  It will be so ordered.

Neither party will be entitled to costs on this appeal.

PARKER, C. J., MAIN, HOVEY, and MACKINTOSH, JJ., concur.

