[No. 17250. Department Two. June 23, 1922.]

JOHN McMULLIN, *Respondent,* v. DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

MASTER AND SERVANT (121-2)—WORKMEN'S COMPENSATION—AWARD —CLASSIFICATION OF INJURIES—REVIEW. Where the department has properly classified an injury to a workman, its decision as to the amount of the award will not be disturbed by the court except for abuse of discretion.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered December 21, 1921, upon findings in favor of the plantiff, reversing an order of the department of labor and industries refusing to reopen a claim for compensation for injuries sustained by an employee. Reversed.

*The Attorney General* and *John H. Dunbar, Assistant,* for appellant.

*D. E. Twitchell* and *Max Hardman,* for respondent.

PER CURIAM.—The respondent, in June, 1919, received an injury for which claim for compensation was made, and his injury was classified as a permanent partial disability, for which he received payment. Some months thereafter he filed a petition to have his claim reopened on the ground of aggravation of injury.

[1]Reported in 207 Pac. 956.

After review, this petition was denied and an appeal was taken to the superior court, which reversed the order of the appellant refusing to reopen the claim and directed additional compensation to be paid. From this judgment, the department of labor and industry has appealed.

There is no question in the case that the respondent's injury was properly classified as a permanent partial disability; the only question is whether the aggravation is, as the respondent claims, the result of the original injury.

The court has held, from the time this sort of question was presented to it, that, where the department of labor and industry has properly classified an injury, the court, if it will disturb the decision of the department upon the question of the amount of the award at all, will only do so where the discretion of the department in that regard has been exercised in a capricious and arbitrary manner. *Sinnes v. Daggett,* 80 Wash. 673, 142 Pac. 5; *Chalmers v. Industrial Insurance Comm.,* 94 Wash. 490, 162 Pac. 576; *Parker v. Industrial Insurance Dep't,* 102 Wash. 54, 172 Pac. 830; *Foster v. Industrial Insurance Comm.,* 107 Wash. 400, 181 Pac. 912; *Whipple v. Industrial Insurance Comm.,* 116 Wash. 341, 199 Pac. 455; *Sweitzer v. Industrial Insurance Comm.,* 116 Wash. 398, 199 Pac. 724; *Krause v. Industrial Insurance Comm.,* 119 Wash. 662, 206 Pac. 358; *Taylor v. Industrial Insurance Comm., ante* p. 4, 206 Pac. 973.

The record in this case does not justify a finding that the appellant acted in such a manner in refusing to reopen the respondent's claim. The most that the record justifies is a finding that there is an honest difference of opinion between the doctors, and in such condition of the record, and in view of § 7697, Rem.

Compiled Statutes, we are powerless to substitute what might be our judgment in the case for that of the appellant. *Marney v. Industrial Insurance Dep't.*, 98 Wash. 483, 167 Pac. 1085.

Judgment reversed.