[No. 18088.  Department Two.  February 15, 1924.]

TOM BOGETICH, *Respondent*, v. DEPARTMENT OF LABOR
AND INDUSTRIES, *Appellant*.[1]

MASTER AND SERVANT (121-2)—WORKMEN'S COMPENSATION—AWARD
—CLASSIFICATION OF INJURIES—REVIEW.  Capricious and arbitrary
action by the department of labor in awarding an employee less
than the amount claimed for an injury, properly classified, is not
shown by the fact that the preponderance of the testimony was
favorable to the claimant; and the amount, resting in the discre-
tion of the department, will not be disturbed unless arbitrary or
capricious.

Appeal from a judgment of the superior court for
Whatcom county, Hardin, J., entered April 16, 1923,
reversing an order of the department of labor and in-
dustries awarding compensation for injuries sustained
by an employee.  Reversed.

*The Attorney General,* for appellant.

*Kellogg & Thompson,* for respondent.

MAIN, C. J.—On September 21, 1922, the respondent
was employed by the Bloedel-Donovan Lumber Mills
Company, and on that day received an injury which
resulted in breaking both bones in his left leg below
the knee.  He was paid time loss or total temporary
disability from the day of the injury until January 8,
1923, at which time his injury was classified by the de-
partment of labor and industries as a permanent par-
tial disability and an award of $75 was made.  From
this award the respondent appealed to the superior
court, and a trial therein resulted in a judgment setting
aside the order of the department and awarding the
appellant the sum of $300.  From this judgment, the
department appeals.

[1]Reported in 222 Pac. 890.

There is no question here as to the proper classification. Both parties agree that the respondent's disability should be classified as a permanent partial disability. Upon the trial in the superior court, the witnesses called by the respondent testified that the extent of the permanent partial disability was greater than that fixed by the department. The witnesses called by the appellant testified sustaining the order of the department. In other words, the doctors called by the respondent testified to the extent of the respondent's injury, and the doctors called by the appellant testified to the extent of that injury, and they did not agree as to the degree or extent of the injury. The department, after due investigation, determined the injury to be of a certain degree within its proper classification and made an award accordingly. Where there is no question as to the proper classification the court will only disturb the decision of the department on the question of the amount of the award when the discretion of the department has been exercised in an arbitrary or capricious manner. In *McMullin v. Department of Labor and Industries,* 120 Wash. 525, 207 Pac. 956, it was said:

"The court has held, from the time this sort of question was presented to it, that, where the department of labor and industry has properly classified an injury, the court, if it will disturb the decision of the department upon the question of the amount of the award at all, will only do so where the discretion of the department in that regard has been exercised in a capricious and arbitrary manner. (Citing authorities)"

The fact that the witnesses upon the trial may not have agreed as to the extent of the injury, and even though it be assumed that the preponderance of the testimony was with the respondent, that does not show that the discretion of the department was exercised in

a capricious or arbitrary manner. In *Sweitzer v. Industrial Insurance Commission,* 116 Wash. 398, 199 Pac. 724, it was said:

"Here, there is no question that the department properly classified the injury. The law provides for but three classifications, namely, temporary total disability, permanent total disability, and permanent partial disability, and the respondent's injury, in so far as it is brought into question in the proceeding, is of the latter class. Within the latter classification there are of course degrees, some of which entitle the injured workman to a higher award than do others, but the degree of injury within the classification affects only the amount of the award and since it is the exclusive province of the department to determine the amount, it is likewise their exclusive province to determine the degree of the injury. A case can arise of course where the degree of the injury may be inquired into. If, for illustration, a workman's arm should be severed between the elbow and the wrist and the department should diagnose it as an injury to the thumb, unquestionably the court would say that an erroneous conclusion had been reached. But it would so say because the conclusion was without due consideration of the facts; in other words, that it was arbitrary and capricious. Where, however, as here, there is room for an honest difference of opinion, and the department, after due investigation, determines the injury to be of a certain degree within its proper classification, the courts have no warrant to interfere with their findings."

There is no evidence in this case which would justify a finding that the department exercised its discretion in an arbitrary or capricious manner.

The judgment will be reversed, and the cause remanded with direction to the superior court to enter a judgment sustaining the order of the department of labor and industries.

Reversed.

FULLERTON, MITCHELL, and BRIDGES, JJ., concur.