[No. 31078. Department Two. March 30, 1950.]

GEORGE L. DIESSO, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

[1]Reported in 216 P. (2d) 752.

*The Attorney General* and *James J. Krinbring, Assistant,* for appellant.

*Walthew, Gershon, Yothers & Warner,* for respondent.

ROBINSON, J.—This appeal has been taken by the department of labor and industries from a judgment of the superior court of King county, rendered in favor of respondent, George L. Diesso, after a trial to a jury. The only assignments of error which we find it necessary to consider relate to three instructions given by the court, which we will quote in part. The facts of the case sufficiently appear therein.

"INSTRUCTION No. 1. THE COURT: Members of the jury, this is an action in which the plaintiff, George L. Diesso, is appealing from an order of the Department of Labor and Industries of the State of Washington.

"On or about August 4, 1943, the plaintiff, while working for the Seattle Window Shade Company of Seattle, Washington, suffered an injury to his back. He filed a claim with the Department of Labor and Industries, and said claim was recognized and ultimately closed by the Supervisor of the Department of Labor and Industries on July 6, 1943, with an allowance for treatment only. Thereafter plaintiff applied for a reopening of his claim for the purpose of granting a permanent partial disability. The claim was reopened and on May 23, 1945, after a complete investigation and examination, the plaintiff was granted a permanent partial disability of 25% of the unspecified, *or $900.* From that order plaintiff appealed to the Joint Board of the Department of Labor and Industries for further hearings on his claim. The Department granted the hearings and at the conclusion thereof sustained the order of the Supervisor dated May 23, 1945, granting plaintiff a permanent partial disability of 25% as compared to the maximum for unspecified disabilities. From this order plaintiff has appealed to the Superior Court of King County." (Italics ours.)

"INSTRUCTION No. 9. You are instructed that our workmen's compensation act provides for the payment of $3600 as the maximum for so-called unspecified permanent partial disabilities or permanent partial disabilities which are not specifically enumerated in the act. Disabilities of the back are classified as unspecified permanent partial disabilities.

"You are instructed, that the plaintiff has received an award of 25% of the maximum of unspecified permanent partial disability in the sum of $900. He is contending in this action, however, that under the evidence he is entitled to an award of 75% of the maximum of unspecified permanent partial disability in the sum of $2700. The defendant is entitled to credit for the sum of $900 already paid.

"The total amount of additional permanent partial disability compensation at issue, therefore, is $1800."

"INSTRUCTION No. 18. . . . Your verdict in this cause will be in the form of an answer to the following interrogatories:

INTERROGATORY No. 1:

"Was the Department of Labor and Industries correct in determining plaintiff's disability at 25% as compared to the maximum for unspecified disabilities?

"ANSWER: _____

"Your answer to the above interrogatory will be 'Yes' or 'No'. If your answer is 'yes', you need not answer the following interrogatory. If your answer to Interrogatory No. 1 is 'no', you will then answer the following:

"INTERROGATORY No. 2:

"What additional amount of permanent partial disability compensation is the plaintiff entitled to?

"ANSWER: $_____

(Not to exceed $1800 as compared to the maximum for unspecified disabilities.)"

The jury's answer to the first question was "No," and to the second, "$1800." The trial court thereupon entered judgment for the plaintiff for that amount.

No exception was taken to instruction No. 1. Exception was taken to instruction No. 9, on the ground that it erroneously injected the issue of money into the case, and to instruction No. 18, on the similar ground that it placed before the jury, for its determination, the issue of the amount of money to be recovered by the claimant rather than the issue of the degree to which he had been injured.

In our recent case of *Franks v. Department of Labor & Industries*, 35 Wn. (2d) 763, 215 P. (2d) 415, we held that mention, in instructions, of past or present permanent disability awards, or claimed awards, in terms of money, was error; for, as we there stated, quoting *Champagne v. De-*

*partment of Labor & Industries,* 22 Wn. (2d) 412, 415, 156 P. (2d) 422:

" 'The question presented is whether the department, in making its award in this case, found the correct percentage of injury; hence, the jurors are not concerned with what the award may have been in dollars, but are concerned with a determination of what is the per cent of the injury.' "

Respondent urges, however, that the jurors were informed, by the language of instruction No. 1, that the sum of nine hundred dollars represented twenty-five per cent as compared to the maximum for unspecified disabilities; that they could, therefore, easily conclude that the additional fifty per cent claimed amounted to eighteen hundred dollars; that, since no exception was taken to instruction No. 1, it thereby became the law of the case; and, therefore, that no possible prejudice could have resulted from the repetition, in instructions Nos. 9 and 18, of the amount the claimant would be entitled to recover should the jurors find the maximum allowable percentage of disability.

 Instruction No. 1, however, did no more than state that the department had granted the claimant "a permanent partial disability of 25% of the unspecified, or $900." Under the rule of the *Franks* case, *supra,* it is clear that an exception could properly have been taken to this instruction. But because an exception was not taken at this time did not mean that the court was authorized to proceed and instruct the jury that the question at issue was the amount of money to be awarded the claimant (as it did in instruction No. 9), or that the function of the jury was to determine this amount (as is plainly the implication of the second interrogatory in instruction No. 18). Instruction No. 18, particularly, gave judicial sanction to the idea that the jury was settling the amount of compensation to which the claimant was entitled. This was error, for, as we have noted, that determination was not one to be made by the jury; its sole function in these cases, is to set, in terms of percentage, the degree of unspecified permanent partial disability sustained by the claimant. This percentage having been determined,

the amount to be paid follows automatically from the terms of the statute.

The importance of clearly differentiating the function of the courts from the function of the legislature in carrying into effect the terms in question of the workmen's compensation act, is made clear by the case of *Foster v. Industrial Ins. Commission,* 107 Wash. 400, 181 Pac. 912. In that case, the trial judge had taken it upon himself to increase the amount awarded to a claimant by what was then the industrial insurance commission, and we said, in holding this to be error:

"We also regard the award as pitifully inadequate; but, as we shall see, the correction of such insufficiency is neither with the courts nor with the commission, but must be remedied by the legislative function of the state alone. The industrial insurance act is not one designed to award full compensation to each individual for all such damages as such individual would be entitled to in his peculiar circumstances, but is only a system of limited insurance whereby all industrial employees within the statute are paid definite but limited amounts for injuries, without regard, as we have said, to the particular individual circumstances or needs of the injured employee."

In the present case, the jury was made aware, by instruction No. 1, that an award of fifty per cent would mean that the additional sum to be recovered by the claimant would amount to no more than eighteen hundred dollars; and it is obvious that, even had no mention of this fact been made in later instructions, the jurors might well have been influenced by it, and, feeling that any lesser sum would inadequately compensate the claimant, might have determined that the degree of disability amounted to the allowable maximum. But awareness that the jury will, in all probability, consider improper factors in arriving at its decision is one thing; directing it to so consider them, quite another. Granting a situation where the jurors had knowledge of the money equivalent of the percentage of disability, we cannot assume that they would pay no attention to instructions that they should disregard this, and should concern themselves only with what the evidence showed was the actual degree

of disability sustained. That idea was implicit in the *Franks* case; for there, as here, the amount of the award previously granted was known to the jury, having been mentioned in the opening statement made to it, and yet the giving of an instruction again calling attention to that amount was held to be error. Under the instructions as given in the present case, the jurors could hardly have avoided the assumption that it was not only permissible, but their duty, to determine the monetary amount the claimant should recover to compensate him.

The error committed in instructions Nos. 9 and 18, therefore, was entirely distinct and separate from the error committed in instruction No. 1, for only in these two instructions was the jury informed that it was concerned with the problem of finding the amount of money to be recovered by the claimant. Appellant's failure to except to instruction No. 1 did not preclude it from taking proper exceptions to instructions Nos. 9 and 18. As those exceptions, particularly that made to instruction No. 18, were well taken, the judgment must be reversed, and the cause remanded for a new trial. It is so ordered.

SIMPSON, C. J., MALLERY, HILL, and HAMLEY, JJ., concur.