# Jackson *v.* Mobley, Clerk.

*Mandamus to Compel Clerk to Enter Witnesses Summoned for the State On His Subpoena Docket, and to Furnish Defendant Copy of Same.*

(Decided Nov. 17, 1908. 47 South. 590.)

1. *Mandamus; Clerk of Court; Prior Proceedings.*—Mandamus addressed to the court of which the respondent is the clerk, to require an observance of duty by the clerk as to a cause pending in the court, or as to the papers of records officially in the clerk's custody, meets fully the rule that it is necessary to first invoke the power of the court to which the clerk is attached before resort may be properly had to another tribunal; since the action taken or to be taken by the court being the same in legal effect whether the proceedings are begun by mandamus or by petition praying for an order requiring such an observance.

[Jackson v. Mobley, Clerk.]

2. *Same; Ministerial Duty; Remedy.*—The duties required of a circuit clerk under subdivisions 6 and 14 of section 934, and by section 2646, Code 1896, are ministerial, void of discretion in their exercise, and the performance of them may be compelled by mandamus.

3. *Criminal Law; Proceedings; Secrecy.*—As a general rule, all criminal proceedings should be open and public after the arrest is made.

4. *Words and Phrases; Subpoena Ad Testificandum.*—Inherent power possessed by courts having the power to hear and determine controversy, to call for proofs of the facts involved, and to summon and compel the attendance of witnesses before them is expressed by the phrase, "subpoena ad testificandum;" and whoever may be clothed with the right to issue it, the process, for such purpose, is essentially judicial.

5. *Courts; Clerks; Duties; Performance.*—The clerk being required to make the entries and perform the duties imposed by subdivision 6 of section 934, Code 1896, within a reasonable time after the issuance and return of the subpoena, the duty is not performed by entries made after final disposition of the cause.

6. *Courts; Witnesses; Subpoena Docket.*—The subpoena docket required to be kept by the clerk is not a part of the final record of the cause, but a memorial of the steps taken to procure testimony, more permanent than the writs themselves.

7. *Same; Trial; Dockets.*—Unless restored thereto by appropriate action, a cause which has been determined and the judgment therein satisfied, has no place on the trial docket of the court, such being intended to contain only live causes in course of determination, or in course of enforcement of rights therein adjudicated.

8. *Same; File.*—The file in a cause includes all papers belonging to a cause, such as original subpoenas issued for witnesses, etc.

9. *Records; Copies.*—Under the provisions of subdivision 14 of section 934, the clerk must deliver upon the application of a defendant in a criminal case accompanied by the tender of proper fees, a correct transcript of subpoenas issued by the state and filed in the clerk's office.

10. *Mandamus; Who Entitled; Defendant.*—One who is indicted for a misdemeanor, for the prosecution of which the state has issued subpoenas for witnesses, has a sufficient interest in the performance of the duties of the clerk required by section 934, Code 1896, to require a performance of the same by mandamus, in order to ascertain the names of witnesses so summoned against him.

APPEAL from Greene Circuit Court.

Heard before Hon. A. H. ALSTON.

Application for mandamus, on relation of Henry Jackson, against R. E. Mobley, Clerk of the Circuit Court of Greene County. A demurrer to the application was sustained, and the writ denied, and relator appeals. Reversed and rendered.

HARWOOD & MCKINLEY, for appellant. The duty of the circuit clerk is to promptly enter the names of witnesses on the subpoena docket upon return executed by the sheriff.—Sec. 934, Code 1896; *Jones v. The State,* 136 Ala. 116. When so entered, they become a part of the file of the case, and the defendant is entitled to receive the same on tendering the clerk a receipt therefor.—Sec. 934, and 2646, Code 1896.—*Brown v. Watson,* 61 Ala. 310; *Brewer v. Watson,* 65 Ala. 96; *Feeland v. Rosenstock,* 76 Ala. 50.

MCQUEEN & HAWKINS, and L. K. POUNDERS, for appellee. No brief came to the Reporter.

McCLELLAN, J.—Henry Jackson was indicted for a misdemeanor in September, 1907, by the grand jury of Greene county. The solicitor of the Sixth judicial circuit, upon the authority of Code 1896, § 5283, issued subpoenas ad testificandum to two witnesses for the state, against the defendant, in the trial of said cause. On February 29, 1908, these subpoenas were executed by the sheriff, and were by that officer properly so indorsed and delivered to and filed with the clerk of the circuit court, on the docket of which court the prosecution was pending. Subsequently, and before the trial of the case, the defendant made these three separate demands upon the clerk: (1) That he make entry upon the subpœna docket of that court of the names of the witness so summoned in the cause, as required by subdivision 6, § 934, of Code 1896; (2) that he deliver the file, including said subpœnas, to the attorneys of record for the defendant, they then and there tendering a receipt therefor, in accordance with Code 1896, § 2646; and (3) that he make out and deliver to said attorneys of record for the defendant, they having for him, tendered the requisite fees therefor, "a correct transcript, properly

certified," of said subpœnas, in accordance with subdivision 14, § 934, Code 1896. Each of these demands, relating to said subpœnas, was refused by the clerk; and the defendant thereupon presented his petition for mandamus to the judge presiding for the trial of causes in said court, praying appropriate action to compel the clerk to do the ministerial acts indicated by the demands stated. The submission was on demurrer to the petition and the answer of the clerk. The demurrer was sustained, and the mandamus denied, and the petition dismissed. From this judgment the appeal is prosecuted.

If, to effect a purpose of this character, it is necessary to first invoke the power of the court to which the clerk is attached before resort may be properly had to another tribunal (*Ex parte Sibert,* 67 Ala. 349; *Ex parte Mansory,* 1 Ala. 99), that condition was here met; for, whether the action of the court is invited by petition, praying an order of the court to compel the observance of a duty by the clerk with reference to a cause pending in the court, or with reference to papers or records officially in his custody, or praying mandamus to effect either of those purposes, so far as the condition stated is concerned, the court, to which the clerk is attached, is afforded the primary opportunity in the premises; the action taken or to be taken by the court being the same, in legal effect, in either event. Any other view would be insufferably technical. The duties, the performance of which were demanded of the clerk, are patently ministerial, void of discretion in exercise, and hence mandamus is the appropriate remedy. 26 Cyc. p. 199; 1 and 5 Mayfield's Digests, under title "Mandamus."

Generally speaking, and so from the universal policy underlying the judicial systems of this country, secrecy in the exercise of judicial power or of preliminary services leading to the effective exercise thereof, is not

tolerable or justifiable, except in a few instances where publicity might naturally tend to defeat the purpose for which our courts exists, such as one enforced with respect to indictments and testimony before grand juries. Code 1896, §§ 5047, 5048. In criminal cases, after arrest, it is not conceivable that the broad policy for openness and publicity of all judicial acts and processes relating to the prosecution, by the court itself or by public officers charged with duties thereunto, should suffer qualification in any respect, however preliminary, or in nature ex parte, the steps taken or action had may be.

"Subpœna ad testificandum" is an expression, whatever the official hand clothed with the right to issue it, of inherent power possessed by courts having the power to hear and determine causes of controversy to call for proofs of the facts involved and to summon and compel the attendance of witnesses before them. Process, to such purpose, is essentially judicial. 1 Greenleaf on Evidence, § 309. It is, as is readily seen, in entire accordance with the general policy of openness and publicity, subject to the exceptions indicated, of judicial acts and processes, that the statutory provisions cited as commanding the performance of the duties demanded in this instance were written. That these statutory duties should be observed, when properly appealed to, cannot be the subject of argument.

Subdivision 6 of the cited section requires the clerk "to keep a separate subpœna docket for civil and criminal cases, in which must be entered the cases in which any subpœnas were issued, the names of the witnesses, the time of the issue, and the return of the sheriff." It may be conceded that the defendant's substantive right to a fair and impartial trial is not jeopardized by the refusal of the clerk to accede to the demands made on him by the attorneys of record for this defendant; and

[Jackson v. Mobley, Clerk.]

it may be further said that, though an indictment for
the offense with which appellant is charged need not
aver any fact leading to notice of when within 12
months, or where within the county, that violation oc-
curred, the want of such information as that defendant
may seasonably and reasonably prepare for his defense,
is not a serviceable argument or reason to induce the
granting of the petitioner's prayer; for the reason that
the state is not obligated to summon witnesses through
the employment of the court's process, nor is there any
requirement that the state shall advise the defendant in
respect of its witnesses other than as is embraced with-
in the constitutional right of a defendant to be con-
fronted by the witnesses against him. Such arguments
are, we think, aside the question to be on this appeal
determined.

To the suggestion that the duty provided by subdivi-
sion 6 is performed if such entries are made after the
final disposition of the cause, two conclusive answers
occur to us: First, this provision has been a part of
the stated duties of the clerk, certainly since Code 1852,
§ 650. And its observance has, with practical univer-
sality, been construed in practice to require the keeping
of a subpœna docket, with the entries stated, during the
pendency of the cause on the trial docket, and to make
the requisite entries on the trial docket within a reason-
able time after the issuance of the subpœna and its re-
turn by the sheriff. Such a practical construction of
the provision, if we were without other recognized means
of interpretation, would suffice to compel the conclu-
sion indicated. The further answer to the suggestion is
found in the very nature and purpose of the subpœna
docket. In the first place, the subpœna docket, when
made as required, is not a part of the final record in a
cause. It is a memorial, more permanent than the

writs of subpoena themselves, of steps taken to procure
testimony, and hence is not of the merits of the con-
troversy.

Dockets, with us, pertain to living causes—causes in
progress of determination, or in course of enforcement
of the rights adjudicated therein. A cause determined
and the judgment satisfied has no place on any docket,
unless restored thereto by appropriate action. So to
make entry on a subpoena docket after the judgment
rendered has been satisfied would be wholly vain, and
no possible use for the requirement to keep such a dock-
et could exist. To keep it, as required, during the pro-
gress of the cause through the court, affords it a pur-
pose and service; otherwise, it has none.

Now, has this petitioner any real interest in the keep-
ing of a subpoena docket that mandamus may issue to
conserve? We think so, and upon the ground that the
defendant in the cause has the right to have the oppor-
tunity afforded by such a docket, when properly kept,
to know upon whom as a witness the power of the court
in that cause has been exercised by the issue and exe-
cution of the court's process. The entries on the dock-
et grow out of the employment of the court's inherent
power in that cause, and, unless some wholesome reason
exists to require secrecy, to the end that the court's
function may not be defeated by publcity, no such dan-
gerous qualification of the general policy of the open
course of justice should, as administered through our
courts, be sanctioned. No good reason appears to justi-
fy the refusal to lay open on the subpoena docket who
has been summoned as a witness in the cause. Such
reason cannot be drawn from an assumption of improper
use of the information so offered. On the contrary, a
defendant may well, in accordance with the presumption
of innocence that attends him until he is convicted, de-

sire to assail the character of the summoned witness, or to present testimony tending to show the entire want of opportunity of such witness to know that of which he is summoned to testify.

From the considerations stated, as well as from the letter of the applicable statutes, we think the clerk was also without right to refuse the other demands, viz., for the original subpœnas, then in his hands as such clerk as a part of the file in the cause, and for a certified copy thereof. The "file" in a cause includes all papers belonging to the cause. The subpœna, at least when executed, is as much a part of the file as any other mandate emanating under and in virtue of the authority of the court in that cause. The statutory provision (Code 1896, § 934, subd. 14) is, when proper tender of fees is made, imperative that the clerk shall make and deliver to any person applying for same a correct transcript of any paper in his office. Such duty is ministerial purely, and against its performance no power resides in the clerk to determine whether the applying person should have the copy sought, and, being denied the application in this instance after proper tender of the fee, mandamus was petitioner's due.

It follows that the judgment below is reversed, and one will be here entered awarding the writ as prayed· but it will not issue unless the clerk declines to take the course indicated in this opinion—an action on his part we do not anticipate.

Reversed and rendered.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.