145 So. 321

## CENTRAL OF GEORGIA RY. CO. v. PURIFOY.

### 6 Div. 263.

Supreme Court of Alabama.

Dec. 22, 1932.

Rehearing Denied Jan. 19, 1933.

Nesbit, Sadler & Dunn, of Birmingham, for petitioner.

W. A. Denson, of Birmingham, opposed.

FOSTER, J.

■ The opinion of the Court of Appeals shows that, while the circuit court overruled defendant's objection to the statement made by counsel for plaintiff in argument, no exception was reserved. But it is insisted that nevertheless it was proper ground for sustaining a motion for a new trial. When no exception is reserved to the ruling on defendant's objection to argument, it is good ground for a new trial only when the "remarks [of counsel] are of such a character that neither rebuke nor retraction can entirely destroy their sinister influence." Birmingham Ry., L. & P. Co. v. Gonzalez, 183 Ala. 273, 287, 61 So. 80, 84, Ann. Cas. 1916A, 543; Anderson v. State, 209 Ala. 36 (20), 95 So. 171; Louisville & N. R. R. Co. v. Sullivan Timber Co., 126 Ala. 95, 104, 27 So. 760;

Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 128 So. 389.

We do not think that the remarks of counsel, though improper if considered by themselves, and ought to have been excluded, were apparently of the class so described, especially when we consider those treated in such aspect in the following cases: Birmingham Ry., L. & P. Co. v. Gonzalez, supra, page 284 of 183 Ala., 61 So. 80, 83, Ann. Cas. 1916A, 543; Woolworth Co. v. Erickson, 221 Ala. 5, 127 So. 534; Louisville & N. R. R. Co. v. Sullivan Timber Co., supra; Anderson v. State, supra.

■ When the remarks are not so inherently prejudicial as to be apparently ineradicable, but only so in connection with the other incidents of the trial, the primary consideration of such prejudice is for the Court of Appeals, and this court will not review its holdings in that respect unless the facts are sufficiently stated in the opinion of the court to show clearly that it misapplied the rule. Ex parte Steverson, 211 Ala. 597, 100 So. 912; Ex parte First National Bank, 206 Ala. 394, 90 So. 340; Birmingham Southern R. R. Co. v. Goodwyn, 202 Ala. 599, 81 So. 339.

■ That court held that in making the remarks counsel was replying in kind to an argument made for defendant, and averred that the bill of exceptions states that the argument to which it replied was "in respect to the length of time the case had been in court," but does not state just what was said in that connection. We certainly discover nothing in such situation, nor in anything else stated in the opinion, which would not make the effect of those remarks eradicable, if we should differ with the Court of Appeals that it was not objectionable for the reason stated.

■ The Court of Appeals does not hold that count 1 is not defective, and subject to the demurrer assigned, but asserts that there was no prejudicial error in the ruling. Assuming that the count is subject to the defects discussed in Mobile Light & R. Co. v. Ellis, 207 Ala. 109, 92 So. 106; North Birmingham Ry. Co. v. Liddicoat, 99 Ala. 545, 13 So. 18, it states a cause of action, and, under such circumstances, the trial court by its rulings and its charge may require a finding by the jury of the omitted matter as a condition to recovery on that count. When that is done, there is ordinarily no prejudice resulting from the error in overruling the demurrer. Southern Ry. Co. v. Dickson, 211 Ala. 481, 100 So. 665. When the Court of Appeals states that there was no prejudice in that respect, we do not examine the record to review their opinion. Ex parte Steverson, supra.

Petitioner also insists that evidence of the conduct of the flagman on the back of the train as it passed, which indicated a knowledge of plaintiff's desire for passage, and a

failure by the flagman to take steps to stop the train, and his derision and scorn of their plight was improper, even on the wanton counts, because the flagman had no duty in the premises, and his conduct in this respect was outside the scope of his duties.

While for certain purposes, and in a general way, we may take judicial knowledge of some of the duties and authority of a flagman (15 R. C. L. 1124, 1125; 23 Corpus Juris, 71; Sovereign Camp, W. O. W. v. Allen, 206 Ala. 41, 89 So. 58; Louisville & N. R. R. Co. v. Bouldin, 110 Ala. 185, 198, 20 So. 325; Highland Ave. & Belt R. R. Co. v. Walters, 91 Ala. 435, 8 So. 357), we cannot say that we know judicially that it is not his duty, when he sees that a passenger train on which he is then employed as flagman is not stopping at signal for one who is apparently seeking passage on that train at a flag station, to do some act in an effort to stop the train for him.

If that is true, his derision and contempt of the discomfiture of the disappointed passenger may show a willful or wanton disregard of his duty as such flagman. If there is any evidence in the record that the duty of a flagman does not so extend, the opinion of the Court of Appeals does not mention it.

The conduct of the flagman, as given by the testimony mentioned, is sufficient to sustain an inference that he may have known that the train was disregarding plaintiff's signal and derided him in his apparent plight so occasioned.

We cannot review the opinion of the Court of Appeals as to the excessiveness of the verdict. That is their responsibility alone, unless the opinion shows the substance of all the evidence which affects that question. It does not purport to do so.

There is nothing in the opinion which justifies our reversal of their judgment in the cause.

Writ of certiorari denied.

ANDERSON, C. J., and GARDNER, and BOULDIN, JJ., concur.