71 So.2d 825.

JACKSON v. STATE.

3 Div. 667.

Supreme Court of Alabama.

Feb. 25, 1954.

Rehearing Denied April 22, 1954.

Geo. W. Cameron, Jr., Geo. C. Brassell, Montgomery, for appellant.

Si Garrett, Atty. Gen., Arthur Joe Grant, Asst. Atty. Gen., for the State.

LIVINGSTON, Chief Justice.

Jessie Frank Jackson was indicted by the Grand Jury of Montgomery County, Alabama for rape.

Upon arraignment, defendant entered pleas of not guilty, and not guilty by reason of insanity.

Defendant was found by the jury to be guilty as charged and his punishment fixed at death.

Appeal comes to this court under the Automatic Appeal Act, approved June 24, 1943, Gen.Acts, Regular Session 1943, p. 217 et seq., Tit. 15, § 382(1–13), Cum. Pocket Part, Code of Alabama 1940.

Three reasons are advanced by counsel as grounds for reversal. For convenience, we shall consider them in the order of presentation.

1. First, it is contended that a remark of the solicitor, made during his closing argument to the jury, was highly improper and prejudicial to the defendant.

644

The record presents the following:

"The Solicitor addressed the Jury on behalf of the State.

"Mr. Brassell and Mr. Cameron addressed the Jury in closing on behalf of the defendant.

"The Solicitor addressed the Jury in closing on behalf of the State.

"Mr. Cameron: I call the Court's attention to the Solicitor's statement to the Jury that there is not room to keep an insane man at Mount Vernon. The defendant excepts to that statement.

"The Court: All right.

"(Exception noted for the defendant by direction of the Court.)"

█ If improper or prejudicial argument is made in any case, civil or criminal, the point must always be preserved below, somewhere during the proceedings, in order to invite a review. No constitutional beneficence is accorded any defendant by requiring the trial court ex mero motu to exclude improper argument of counsel. Washington v. State, 259 Ala. 104, 65 So. 2d 704.

█ Exactly what is the effect of the excerpt taken from the record, supra? This court can consider cases only as presented by the record. We can only rule upon issues properly raised on appeal. The general rule prevailing in this state is that improper argument of counsel is not ground for a new trial or the subject of review upon appeal unless there is due objection by counsel or a motion to exclude, a ruling thereon by the court and an exception thereto, or a refusal of the court to make a ruling. Anderson v. State, 209 Ala. 36, 95 So. 171. In the instant case, it cannot be said that counsel for defense made any objection to the alleged prejudicial remark. There was no such objection. No objection having been made, there was nothing upon which the trial court could rule. Accordingly, there was never an adverse ruling of the court to which defense counsel could take exception. In short, the "exception" taken by Mr. Cameron, as stated in the record, supra, had no effect whatsoever, and, of course, is of no avail on appeal.

█ True, there are decisions of this court which hold that when no exception is reserved to the ruling on defendant's objection to argument, a good ground for a new trial is made when remarks of counsel are of such a character that neither rebuke nor retraction can entirely destroy their sinister influence. Central of Georgia R. Co. v. Purifoy, 226 Ala. 58, 145 So. 321; Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 128 So. 389; Anderson v. State, supra; Birmingham Ry., Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80; Louisville & Nashville R. Co. v. Sullivan Timber Co., 126 Ala. 95, 27 So. 760. However, in the instant case, the latter principle is not applicable for two reasons. First, there was never any objection by defense counsel to the alleged prejudicial remark or adverse ruling by the court. Secondly, no motion for a new trial was made by appellant. There being no objection, no adverse ruling by the court, and no motion for new trial, said doctrine manifestly cannot be invoked upon this appeal.

█ These rules prevail even under the automatic appeal statute. As stated in Washington v. State, 259 Ala. 104, 65 So.2d 704, 707:

"Only review of rulings on trial with respect to matters of evidence are within the scope of the statute obviating the necessity of interposing seasonable objection and exception. Code 1940, Title 15, § 382(10), 1951 Cum. Pocket Part, Vol. 4, p. 103; Broadway v. State, 257 Ala. 414, 60 So.2d 701(4); Townsell v. State, 255 Ala. 495(4), 52 So.2d 186; James v. State, 246 Ala. 617, 21 So.2d 847."

In the case of Cross v. State, 68 Ala. 476, after quoting from the Wisconsin case of Brown v. Swineford, 44 Wis. 282, 28 Am.Rep. 582, which held that it was the duty of the court to interfere when improper remarks of counsel had been made, Judge Stone stated:

"We sum up, lest we be misunderstood. There must be objection in the court below, the objection overruled, and an exception reserved."

The only enlargement of this rule is that where the argument is so greatly prejudicial that its harmful effect is viewed as ineradicable and may be made a ground for a motion for new trial.

Justice Simpson, speaking for this court on rehearing in Washington v. State, supra, reasoned as follows:

"The guilt of the defendant seems beyond doubt and it would be improper for this court to make shipwreck of the rules of appellate procedure to seize upon some technicality—if possible—in order to reverse his case."

Such reasoning must likewise be applied in the instant case. We have extremely little, if any, doubt that defendant committed the crime as charged. We cannot completely ignore our well-established rules of appellate procedure in order to grant the defendant a second trial. Thus, we think it manifest that any possible error concerning improper or prejudicial argument of the solicitor, as exhibited by the record, has never been properly or sufficiently raised to invite review upon this appeal.

II. Secondly, appellant claims reversible error because a photograph of the alleged victim was introduced as a state exhibit, and to which the state's witness, Doctor Zdanis, was permitted by the court to review before the jury. The photgraph was made on Jan. 29, 1953, eight days after the attack. Dr. Zdanis was asked by the solicitor to point out to the jury bruises evident from the photograph which were similar to those he (Dr. Zdanis) had observed upon prosecutrix on Jan. 21, 1953 during a physical examination conducted by him only a few hours after the alleged attack. Defense counsel objected upon the ground that it had not been shown that the condition of the person in the picture is the same as it was at the time of the attack. Also, before the photograph was introduced or shown to the jury, defense counsel objected upon the further ground that the photograph tended to prejudice the jury in that it is a picture with an expression of horror, with extraneous matters prejudicial to defendant being upon it. The photograph covered the prosecutrix from the waist upward. We are convinced that no error was committed concerning the admissibility of the photograph or in Dr. Zdanis' testimony related thereto.

Appellant cites the case of Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 128 So. 389, 391, as authority for reversal upon this issue. To the contrary, however, this court is of the opinion that said case supports contentions of the state rather than those of appellant. Within that decision, the Supreme Court of Alabama stated the following:

" 'It is a cardinal rule in the law of evidence that facts and circumstances which, if proved, are incapable of affording a just, reasonable inference or presumption in relation to a material fact involved in the issue on which the jury are to pass, are irrelevant and inadmissible. Testimony, to be admissible, must relate to and be connected with the transaction it is intended to elucidate, and the connection with it must not be remote, or a forced, strained, or mere conjectural conclusion. *It must have a reasonable tendency to prove or disprove a material fact in issue.'* Karr v. State, 106 Ala. 1, 17 So. 328, 330. * * * irrelevant evidence is 'at least useless, and may be mischievous, and may tend to distract the attention of the jury, and frequently to prejudice and mislead them.' " (Emphasis added.)

We agree that the latter portion of said citation, as applied to Birmingham Baptist Hospital v. Blackwell, supra, was exceptionally pertinent. There, the photograph (Exhibit A) which brought about reversal was completely useless, so far as elucidating any material fact in issue was concerned. The plaintiff in that case was an attractive woman, who had brought suit to recover for severe burns sustained to the lower part of her abdomen. Exhibit A was simply a picture of plaintiff reclining in bed,

with cloths covering the burned portion of her anatomy. Suffice it to say, said exhibit was merely an appeal to sympathy, with no stage effect wanting. Without doubt, Exhibit A in that case was "mischievous," and merely served to "distract the attention of the jury," for the sole purpose of gaining its sympathy. In no manner did said exhibit tend to prove or disprove a material fact·in issue.

In the instant case, the photograph was utilized by the state in permitting Dr. Zdanis, the same physician who had examined the assaulted victim shortly after the attack, to point out certain bruises evident from the photograph as being similar to those apparent to him at the time he examined her. Dr. Zdanis testified also that the expression of horror upon prosecutrix' face in the photograph is the same as was present when he examined her on Jan. 21, 1953, the date of the alleged crime.

▆▆▆▆ The issue was whether this victim had been raped, and was a matter for the jury to determine from all of the evidence adduced at the trial. Thus, in applying the rule as set forth in the quotation taken from Birmingham Baptist Hospital v. Blackwell, supra, the stated facts, as proved, are capable of affording a just, reasonable inference or presumption to a material fact involved in the issue upon which the jury must pass. Said photograph and testimony were relevant and admissible. Birmingham Electric Co. v. McQueen, 253 Ala. 395, 44 So.2d 598; McKee v. State, 253 Ala. 235, 44 So.2d 781; Wilson v. State, 31 Ala.App. 21, 11 So.2d 563; Grissett v. State, 241 Ala. 343, 2 So.2d 399; Vaughn v. State, 236 Ala. 442, 183 So. 428. Even though evidence may be regarded as only cumulative, and to some extent unsightly, it is admissible if it sheds light on a material inquiry. Birmingham Electric Co. v. McQueen, supra; McKee v. State, supra; Wilson v. State, supra. The fact that the photograph was taken eight days after the attack does not render it inadmissible inasmuch as Dr. Zdanis was able to verify it as a substantial representation of prosecutrix's appearance and condition shortly after the crime. City of Anniston v. Simmons, 31 Ala.App. 536, 20 So.2d 52;

Greenwood Cafe v. Walsh, 15 Ala.App. 519, 74 So. 82. Since the photograph· in question did reasonably tend to prove material facts in issue, it was admissible even though it quite possibly tended to inflame the minds of the jury. McKee v. State, supra; Wilson v. State, supra; Grissett v. State, supra. The fact that said photograph may be gruesome in the eyes of some certainly is no ground for reversible error inasmuch as it shed light on material inquiry. Birmingham Electric Co. v. McQueen, supra; McKee v. State, supra; Wilson v. State, supra; Rowe v. State, 243 Ala. 618, 11 So.2d 749; Grissett v. State, supra; Vaughn v. State, supra; Birmingham Baptist Hospital v. Blackwell, supra.

While it is true that the record does not indicate that the victim was struck, it clearly contains evidence that appellant did throw her down on the floor. It shows that while prosecutrix was down appellant picked up a belt from the floor, placed it around her neck, and allowed the prosecutrix to arise only while he kept the belt tight around her neck, drawing it progressively tighter. The evidence also shows that appellant subsequently threw prosecutrix upon a couch, and while being engaged in the act of intercourse, continued to draw said belt tighter around the neck of his struggling victim until she lost consciousness. The bruises evident from the photograph, as well as the expression upon the victim's face, were both identified by Dr. Zdanis, who had treated prosecutrix shortly after the assault, as being an expression and bruises similar to what he had observed when he first examined her only a few hours after the attack. The question as to where the bruises came from, or how they developed, is a matter for the jury to determine from all of the evidence in the case. Certainly, there can be little doubt as to the red ring around the victim's neck. The evidence clearly indicates that the belt was placed there by appellant, and was continuously drawn tighter until prosecutrix was choked into unconsciousness. The photograph also evidences hemorrhages of the eyeballs. The jury may reasonably have concluded that such hemorrhages resulted from the choking, as testified to by the prosecutrix. Similarly, the jury may

reasonably have ascertained that the bruises about the face, as exhibited by the photograph, resulted from being thrown down on the floor, or were inflicted even after prosecutrix lost consciousness. And finally, said photograph served as definite proof that force was used in the consummation of the criminal act. These questions, without doubt, were questions for the jury's determination. The photograph shed light upon those material inquiries. Thus, we conclude that the trial court did not commit error by permitting said photograph to be introduced in evidence.

III. The third and last point which appellant argues should bring about reversal of this case concerns testimony given from the witness stand by Dr. Rehling, the State Toxicologist. During the trial, counsel for defendant failed to interpose an objection or exception to the question or answer. Here, appellant requests this court to invoke its discretionary authority as provided for in Tit. 15, § 382(10), Cum.Pocket Part, Code of Alabama 1940. That Code section provides as follows:

"In all cases of automatic appeals the appellate court may consider, at its discretion, any testimony that was seriously prejudicial to the rights of the appellant, and may reverse thereon even though no lawful objection or exception was made thereto. The appellate court shall consider all of the testimony, and if upon such consideration is of opinion the verdict is so decidedly contrary to the great weight of the evidence as to be wrong and unjust and that upon that ground a new trial should be had, the court shall enter an order of reversal of the judgment and grant a new trial, though no motion to that effect was presented in the court below."

The question asked Dr. Rehling by the solicitor was:

"And I will ask you if you would expect to find broken genital hairs if no force had been used in intercourse?"

The doctor answered:

"Normal intercourse doesn't break off hairs, like that, to that extent. We certainly wouldn't expect to find them that way."

Previously, Dr. Rehling had testified that while making an examination of coveralls which the defendant had worn at the time of the alleged attack, he had found a dried white smear. Also, he had testified that "embedded in that dry material were two small pieces of broken hair that were identified as genital hair of a white person. One of them was about a quarter of an inch long, the other a little longer than that. They had been broken off. They were fragments of hair. A comparison of those hairs with this specimen in this envelope revealed them to be identical in every respect." The hairs in the envelope had been taken from the genital area of prosecutrix' body prior to the trial.

We have carefully examined the foregoing testimony in the light of Tit. 15, § 382(10), Cum.Pocket Part, Code of 1940, and all the other evidence in the case.

Prior to the trial, appellant admitted the commission of the offense to Dr. Jay Katz, a psychiatrist, who later testified in appellant's behalf. Dr. Katz testified to the admission. Also, prior to the trial, appellant signed a written confession of the attack. This confession was introduced in evidence. In it, the appellant relates in detail exactly how the rape occurred. He described, step by step, everything he did shortly before, during, and after he forcibly ravished the prosecutrix.

We pretermit a discussion of the admissibility of the evidence here involved. No objection was interposed to it, and we are clear to the conclusion that, whether admissible or not, the evidence was not seriously prejudicial to the rights of appellant.

We have considered all of the testimony presented. After thorough deliberation, we conclude that the verdict is in accord with the great weight of evidence and must be sustained.

Affirmed.

All the Justices concur except CLAYTON, J., not sitting.