132 So.2d 265

**Doris Edward DAVIS**

v.

**STATE.**

**8 Div. 717.**

Court of Appeals of Alabama.

June 30, 1961.

Wm. A. Barnett, Florence, for appellant.

MacDonald Gallion, Atty. Gen., and Dwight W. Bradley, Asst. Atty. Gen., for the State.

CATES, Judge.

A jury found Davis guilty of possessing a still. Code 1940, T. 29, § 131. The judge sentenced him to a year and a day in the penitentiary.

The State's evidence put Davis in the vicinity (seventy-five yards or so) of two large stills one of which was making whiskey. One agent testified that on seeing him Davis whistled and ran off. In the chase that followed two other men as well as Davis were caught.

The members of the raiding party testified that on his being brought back to the still yard, Davis stated, "These other fellows didn't have anything to do with this; they just happened to be here and *that is my outfit.*" (Italics supplied.) This statement was proved as a voluntary one.

Davis, according to his testimony, had been out looking for some hounds which had strayed the night before. He had gone away from a fence row to obey a call of nature. On his way back toward the fence he had whistled for his dogs. He denied saying "that is my outfit."

The conflict of testimony presented a jury question. The confession, if believed beyond a reasonable doubt, clearly indicated Davis's agency in a felony, i. e., possession of a still.

Two questions are put to us by Davis's brief on appeal both taken from statements of the solicitor in his argument to the jury.

The first instance argued here appears in the record as follows:

> "Mr. Barnett: I resent that statement of the solicitor. I resent him saying 'The attorney was making a speech trying to get other business'.

That goes to the morals and corrupt practice.

"By the Court: I think all attorneys have a right to appearance in court and to practice in court. The objection is sustained and that part of the argument about making a speech in order to get future business, that part is excluded. Don't consider that when you deliberate in this case."

Was this remark of the solicitor ineradicable?

The opinion of Bricken, P. J., speaking for a divided court, in Burch v. State, 32 Ala.App. 529, 29 So.2d 422, 423, seems to admit of the possible inference that error can be cured by a trial judge's "taking prompt and decisive action to eradicate" a solicitor's argument that defense counsel " 'are trying to make monkeys out of this jury.' "

In Fuller v. State, 269 Ala. 312, 113 So. 2d 153 (headnote 15), authorities are cited for the conclusion (1) that the solicitor's metaphor of acquittal being a license for lawlessness was eradicable; and (2) that the trial judge's instruction was "amply sufficient" to remove the remarks from the consideration of the jury.

The state of the record here shows the defense objection sustained. The defendant perhaps is not required to move for a mistrial in the face of matter of ineradicable prejudice coming before a jury.

■ Pretermitting the need for such a motion (for mistrial) in such circumstances, we consider that under Jackson v. State, 260 Ala. 641, 71 So.2d 825, there is no reversible error in the absence of the question being put to the trial judge by an express ground of a motion for new trial. Neither of the two statements here complained of were set out in Davis's motion for new trial.

By analogy to the reasoning in Burch v. State, supra, we hold the prejudice was cured by the trial judge's instruction. We also consider alternatively that even were

the effect not so cured the Jackson rule precludes our review.

■ The second claim of error is based on the trial judge's overruling a motion to exclude another statement of the solicitor in final argument.

The record shows:

"Defendant objects to and moves to exclude the statement of the solicitor that 'No one saw them' (meaning the dogs) 'but the defendant'. He had a right to put on rebuttal testimony about that. Objection and motion overruled. Defendant excepts."

This point does not come under Code 1940, T. 15, § 305, because Davis testified.

Davis contends that this remark was improper in that it calls attention to the failure of the defense to call a witness equally accessible to both parties. We find no evidentiary predicate for the application of the rule in such cases.

We have carefully reviewed the entire record as required by Code 1940, T. 15, § 389, and consider the judgment below is due to be

Affirmed.