151 So.2d 220

**Robert L. ALDAY**

v.

**STATE.**

1 Div. 899.

Court of Appeals of Alabama.

Nov. 13, 1962.

Rehearing Denied Jan. 8, 1963.

Harry Seale, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

Judgment after verdict of receiving stolen goods, i. e., a Westinghouse air conditioning condenser unit. Alday was sentenced to four years in the penitentiary and appeals his conviction.

The State's evidence tended to show that on July 16, 1961, J. W. Britt and Martin B. Smith had a house under construction in Mobile County.

Tom Wilson, who worked for the electrical sub-contractor, told Mr. Alday that he knew where Alday could get a new 3-ton air conditioning unit. Going to the Britt-

Smith job, Alday loaded the machine into the trunk of his 1956 Cadillac, Wilson helping hold the trunk open and slide the machine in.

After the police arrested Alday (and while on bond), he went to Wilson and asked for a receipt for the machine, agreeing to pay Wilson $50.00. Unaware of Alday's ensnarement, Wilson wrote him out a back-dated bill of sale, acknowledging receipt of $275.00. Wilson held an electrical contractor's license.

Alday's defense was alibi and bona fide purchased. He and Mrs. Alday testified he was at Mobile Infirmary, his wife having given birth to a child there at 5:55 P.M. of July 16.

■ Undisputedly, the air conditioning machine was found in the back yard of Alday's residence. A prima facie case is made out when the State proves the defendant's recent possession of goods which he knows or should know to be stolen. Martin v. State, 104 Ala. 71, 16 So. 82.

Part way through Alday's trial, the trial judge recessed for lunch, "We have arraignments at 2:00 o'clock, if you wish to be back at 2:30 to watch the arraignments, you are welcome to do so and resume your seats at that time, but you must be back by 2:30."

No objection thereto was taken at that time. However, when the court reconvened at 2:30, defense counsel objected on the ground that twenty-one or so defendants had been "paraded before the jury." Counsel stated (he had been sitting in the courtroom) this was prejudicial to Alday. The bringing in of these arraignees, some in prison garb, had "the psychological effect [which] on any Jury would be 'that well, we have here a terrible situation in Mobile County, as exemplified by these 100 indictments, approximately.' " The court denied his motion for mistrial.

Thereupon, defense counsel moved that the jury be instructed not to let what they had seen influence them in reaching their verdict in the instant case. To this request

the court acceded, and directed the jury along these lines, and twice asked them if the fact would have any influence in this case. The court reporter's notes state, "Jurors nod heads negatively."

Alday's counsel cites Seekers v. State, 35 Ala.App. 40, 44 Sc.2d 628, wherein a bailiff took a jury in a murder trial to a motion picture show presenting "Unconquered." Judge Carr found vitiating influence in the possible effect of this public entertainment.

■ However, quite different is the business of arraignment. Taylor v. Industrial Ins. Comm., 120 Wash. 4, 206 P. 973. Arraignment must be in open court. Cf. Code 1940, T. 15, § 276; 22 C.J.S. Criminal Law § 411(3); Jackson v. Mobley, 157 Ala. 408, 47 So. 590. To find melodramatic qualities would be to let the feelings of the onlooker be taken in tow by the abject object of the indictment. This we cannot presume, because one man might perceive (or imagine he perceives) a pathetic parade, whereas another might revolt. Moreover, the phlegmatic soul might well say that in a county of over 300,000 only 21 men being accused is not too statistically alarming. Certainly until women serve on our juries we can only use the reasonable man as our norm and standard.

The facts of Hudson v. North Carolina, 363 U.S. 697, 80 S.Ct. 1314, 4 L.Ed.2d 1500, cited by appellant, do not apply here: receiving in mid-trial a co-defendant's plea of guilty operates on the issue between the State and the remaining defendant. This is the rule of Evans v. State, 39 Ala.App. 498, 105 So.2d 831. However, Saltsman v. Commonwealth, 263 Ky. 400, 92 S.W.2d 378, and Stumbo v. Commonwealth, 268 Ky. 443, 105 S.W.2d 139, are much in point.

■ We attach importance to (1) the trial judge's here asking the jurors if they had been swayed; (2) the form of oath, Code 1940, T. 30, § 58; (3) the charge that the verdict must come from the evidence, and (4) the presumption of the jurors being reasonable. We find no error in denial of the motion for mistrial.

As far as a witness speaking too ·soon, there are some incidents of trial which no appellate court can possibly supervise. Thus the second proposition shows no reversible error.

The third specification of error goes into the capacity of the trunk of a 1956 Cadillac: this because Wilson claimed Alday and he had loaded the crated machine into the trunk of Alday's car.

The course of the complained of evidence in chief of the State's witness, a Cadillac salesman, went:

"Q. Now after you having given me these measurements of 46, 48 and 60, I'll again ask you, referring to that diagram over there and the measurements thereon, could that object of that size as Mr. Seale, our artist,[1] has it drawn there, be placed into the trunk of a 1956 Cadiallac Automobile, sir?

"MR. SEALE: Same objection. [The last prior objection: 'not predicated on the evidence.']

"THE COURT: Overruled.

"MR. SEALE: Exception.

"A. Very easily."

To put the court in error, counsel would invoke Edwardson v. State, 255 Ala. 246, 51 So.2d 233, Crawford v. State, 262 Ala. 191, 78 So.2d 291, and Richardson v. State, 37 Ala.App. 194, 65 So.2d 715.

The drawing was before the jury as was testimony of the length, width and height of the car's trunk. The question was as to whether there was room in which Alday *could* have put the unit, not as to whether he did so. The ground assigned was not well taken.

The fourth contention of error is that Wilson in answering that he lived in back of Alday's barber shop "until I was approached on the subject of burning the house," indelibly stamped hurt on the minds of the jurors. The exclusion by the trial judge of the volunteered matter was—we are told—too late, "the harm had been done."

No motion for mistrial nor for new trial was put to the trial judge.

"Review here is limited to those matters upon which the action or ruling at the nisi prius proceeding was invoked," Harwood, J., in Lipscomb v. State, 32 Ala. App. 623, 29 So.2d 145. See also Lockwood v. State, 33 Ala.App. 337, 33 So.2d 401. The only exception is in a case of ineradicable harm. Jackson v. State, 260 Ala. 641, 71 So.2d 825. However, Jackson says that such error should be called to the trial court's attention by a motion for a new trial. Cf. Wilcutt v. State, 41 Ala.App. 25, 123 So.2d 193, headnote 1.

The same reason covers the fifth proposition based on the court's directing the jury to disregard the assistant solicitor's ending an objection with "he [meaning Alday] is familiar with Courts, he knows."

Sixth. In argument defense counsel objected, stating he had made no such statement as one which he said the solicitor ascribed to him; i. e., he (Mr. Seale) had argued against conviction "because somebody else would be punished besides this, defendant, his wife and children would suffer." No request of the judge to verify this denial was made then nor was there a motion for new trial. Jackson v. State, supra.

The seventh and eighth claims of error arising from argument are instances where the court ruled with the defense. In Pointer v. State, 24 Ala.App. 23, 129 So. 787, the defendant moved for a new trial, and hence that case does not operate here to show the judge did too little.

The ninth proposition, too, comes from final argument wherein we find:

shape of the machine with measurements on the blackboard in the courtroom.

---

1. Learned counsel had, in cross examining another prosecution witness, drawn the

"MR. SEALE: I object to the gentlemen arguing to this jury that unless he knows what has happened in other cases with this gentleman, referring to the defendant—

"MR. STRICKLAND: No. I'm referring to you, Mr. Seale. I've never tried another case with him as Counsel.

"THE COURT: Overruled,—go ahead, please."

■ We cannot, from this meager excerpt, arbitrate the proper innuendo. Jordan v. State, 32 Ala.App. 172, 24 So.2d 138.

The tenth proposition arose thus:

"MR. SEALE: I object to the gentleman stating to the Jury that if they acquit the defendant, he is going out of the Court Room and laugh and say 'Well, I outsmarted them'. There is nothing in the evidence to back up such a statement, and I move the Court to instruct the Jury to disregard it.

"MR. STRICKLAND: I've got a right under the law to argue that conclusion under the testimony, there has been a dispute in the testimony.

"THE COURT: I was going to instruct them to disregard the statement

about 'I outsmarted them again' but Mr. Seale didn't object to the 'again' part of it.

"MR. SEALE: Well, I do object to it, and ask the Court to instruct—

"THE COURT: I instruct you that the Jury is not to consider the statement that 'I outsmarted them again.'"

■ The word "again" might be improper as capable of implying that defendant—no evidence so showing—had been accused formerly. Burch v. State, 32 Ala. App. 529, 29 So.2d 422 ("counsel * * * are trying to make monkeys out of this jury, * * * laughing up their sleeves at you"), was a case where the trial judge overruled defense objection. Here the judge cured any tendency toward injury. Davis v. State, 41 Ala.App. 339, 132 So.2d 265.[2]

■ The eleventh contention rests on the claimed cumulative effect of the points above treated. Seeing no error in them severally, we consider their effect no greater in the aggregate.

We have carefully examined the entire record as required by law and consider the judgment below is due to be

Affirmed.

2. "The opinion of Bricken, P. J., speaking for a divided court, in Burch v. State, 32 Ala.App. 529, 29 So.2d 422, 423, seems to admit of the possible inference that error can be cured by trial judge's 'taking prompt and decisive action to eradicate' a solicitor's argument that defense counsel ' "are trying to make monkeys out of this jury." '

"In Fuller v. State, 269 Ala. 312, 113 So.2d 153 (headnote 15), authorities are cited for the conclusion (1) that the solicitor's metaphor of acquittal being a license for lawlessness was eradicable; and (2) that the trial judge's instruction was 'amply sufficient' to remove the remarks from the consideration of the jury.

"The state of the record here shows the defense objection sustained. The defendant perhaps is not required to move

for a mistrial in the face of matter of ineradicable prejudice coming before a jury.

"Pretermitting the need for such a motion (for mistrial) in such circumstances, we consider that under Jackson v. State, 260 Ala. 641, 71 So.2d 825, there is no reversible error in the absence of the question being put to the trial judge by an express ground of a motion for new trial. Neither of the two statements here complained of were set out in Davis's motion for new trial.

"By analogy to the reasoning in Burch v. State, supra, we hold the prejudice was cured by the trial judge's instruction. We also consider alternatively that even were the effect not so cured the Jackson rule precludes our review." 132 So.2d 265, at 266–267.