Appellant was indicted by the January 1982 term of the Covington County Grand Jury for the unlawful possession of marihuana contrary to § 20-2-70 (a), Code of Alabama 1975. Trial was had with the jury finding him guilty as charged. He was sentenced to six years' imprisonment and assessed a $10,000 fine. From that conviction he now appeals.
Appellant challenges the sufficiency of the State's evidence. We have carefully reviewed the State's evidence and find it to establish a prima facie case of possession of marihuana as charged in the indictment.
Presented in its most favorable light, the State's evidence established that on September 25, 1981, Officer Richard Mobley of the Narcotics Unit of the Alabama Bureau of Investigation obtained search warrants for the Brooks Shoe Shop and Crenshaw Cafe in Andalusia. Both businesses were operated by appellant. That afternoon, Covington County Deputy Sheriff Jimmy Boyette, along with other law enforcement officers, executed the search warrant addressed to the Brooks Shoe Shop. The warrant also authorized the search of appellant's vehicle. Appellant, upon request, voluntarily gave the officers the keys to his car. Found in the shop and car were 142.94 grams of marihuana, five boxes of cigarette papers, a set of "dietetic scales," a bank bag containing $454 of food stamps, a white paper bag containing a $100 money order and $70 cash, a typewritten list containing twenty-three names with telephone numbers, twelve empty manila envelopes, and one-half of a small match box. Appellant was given a copy of the search warrant and a receipt for the items seized.
While the officers executed the search warrant, appellant waited on a customer who had entered the shop. After finishing with the customer, appellant locked the front door and walked toward the rear of the shop, where most of the contraband was discovered. Appellant was followed by Boyette and Andalusia Police Officer Howard Easley. Appellant began to run toward the rear of the shop and, after entering it, closed the door separating it from the front of the shop. The officers pursued appellant and saw him in a corner of the storeroom with his hands above his head holding a cardboard boot box. Appellant ran out the rear door where he was apprehended by the officers searching his car. The box contained 98.6 grams of marihuana.
The State clearly established that appellant owned and operated the Brooks Shoe Shop. Further, it proved that the vehicle searched at the shoe shop belonged *Page 576 
to him. In fact, appellant, during his direct examination, admitted that he operated the shoe shop and owned the car searched by the officers. It is also clear that appellant, through his actions, had actual knowledge and possession of the marihuana. Consequently, we find no error in the trial court's ruling on appellant's motion to exclude. Collier v. State,413 So.2d 396 (Ala.Cr.App. 1981), aff'd, 413 So.2d 403 (Ala. 1982);Yarbrough v. State, 405 So.2d 721 (Ala.Cr.App.), cert. denied,405 So.2d 725 (Ala. 1981); Coleman v. State, 394 So.2d 82
(Ala.Cr.App. 1981).
Appellant argues that the trial court erred during the in camera hearing on his motion to suppress when it allowed the State to cross-examine him concerning the ownership and operation of the shoe shop.
Prior to appellant's testifying, his counsel stated to the trial court that appellant was taking the witness stand for the limited purpose of contradicting the State's evidence concerning his receipt of a copy of the search warrant and a receipt of the items seized by the officers. After his testimony concerning such, the State asked the following questions:
 "Q I don't believe you stated your name in the record. What is your name please sir?
"A Hilry Trawick.
"Q And you live here in Andalusia?
"A Yes, sir.
 "Q Are you familiar with the business down here known as Brooks Shoe Shop?
"A Yes, sir.
"Q Do you own and operate that business?
"A Yes, sir.
 "MR. PRESTWOOD: Just a minute, don't answer. We object and call to the Court's attention that Mr. Johnson heard that it was limited to the delivery of these papers.
 "MR. JOHNSON: Your Honor, that is what he said in the record.
 "THE COURT: The motion to suppress, I mean that is what you said for the record, but I will let him answer that.
. . . .
 "THE COURT: If he gets outside the line of what would be pertinent in this motion to suppress, we will stop, but he is not outside the line of that now.
 "MR. PRESTWOOD: We except and state in the record that this is almost, if not exactly, an involuntary obligation to testify on the part of the Defendant. When he is put up there for a limited purpose only, regardless of what the rest of the motion to suppress might say.
 "THE COURT: I am not sure that you put him up and limited it but I will limit it to what is involved in the motion to suppress . . . You have anything else?"
In appellant's written motion to suppress the evidence seized at his shop, he raised as an issue the ownership of the building wherein his business was located. Specifically, appellant alleged that: (1) the Andalusia Manufacturing Company rather than he owned the building, (2) the shoe shop was located in a building housing five other tenants, and (3) the search warrant did not reveal that he had "exclusive control" or "any control over the building" wherein the shoe shop was located.
The trial court did not specifically rule on appellant's request to limit his testimony more than it would have otherwise been limited under the allegations of his motion to suppress. Rather, the trial court stated that it would restrict the State's cross-examination of appellant to facts pertinent under the written motion to suppress filed by appellant.
It is well established in Alabama that cross-examination is not limited to matters brought out on direct examination, but extends to all matters within the issues of the case. Hughes v.State, 385 So.2d 1010 (Ala.Cr.App. 1980); Braswell v. State,371 So.2d 992 (Ala.Cr.App. 1979); Ala. Code § 12-21-137 (1975). The privilege of cross-examination inures to the benefit of the State, in a criminal prosecution, just as to any other party.Bickerstaff v. State, 369 So.2d 315 (Ala.Cr.App. 1979). The scope and extent of such are matters addressed to the sound discretion of the trial court, whose *Page 577 
ruling will not be disturbed absent a showing of gross abuse or substantial injury. McFerrin v. State, 339 So.2d 127
(Ala.Cr.App. 1976); Roberts v. State, 338 So.2d 466
(Ala.Cr.App. 1976).
The instant inquiry of the State was relevant and material under the pleadings filed by appellant, and fully within the scope of the hearing conducted at appellant's request and for his benefit. It was pertinent to establishing appellant's relationship with the premises, i.e., owner, tenant, or full or part-time employee. Such would be material to the issues of possession, knowledge, and dominion and control, which lie at the very heart of the instant crime and which appellant had negatively averred in his motion.
In addition, appellant did not object to the question propounded by the State until after he had answered. He made no motion to exclude the answer. The objection was, therefore, too late, and the trial court will not be put in error for overruling the objection absent a motion to exclude the unfavorable answer. Lawrence v. State, 409 So.2d 987
(Ala.Cr.App. 1982); Berry v. State, 408 So.2d 548 (Ala.Cr.App. 1981), cert. denied, 408 So.2d 551 (Ala. 1982); Streeter v.State, 406 So.2d 1024 (Ala.Cr.App.), cert. denied,406 So.2d 1029 (Ala. 1981); Hobbs v. State, 401 So.2d 276 (Ala.Cr.App. 1981).
Further, even if the trial court's ruling had been erroneous, appellant admitted the same facts during his direct examination. Such renders the trial court's prior ruling, if it had been error, harmless. Lewis v. State, 387 So.2d 795 (Ala. 1980); Wyrick v. State, 409 So.2d 969 (Ala.Cr.App. 1981);Romine v. State, 384 So.2d 1185 (Ala.Cr.App.), cert. denied,384 So.2d 1188 (Ala. 1980).
Contrary to appellant's contention, his direct testimony at the hearing on his motion to suppress established that he received copies of both search warrants and inventory lists made by the officers at the scenes of the searches. The lists were the only documents existing evidencing the items seized when appellant was placed in jail. Later, more readable and comprehensive lists were compiled. Appellant testified that he received the copies of search warrants after the search and his arrest while at City Hall. The inventory lists were given to him by the Sheriff as he was being transferred from City Hall to the County Jail.
The search warrant authorizing the search of the Brooks Shoe Shop, the only one with which this appeal is interested, directed the executing officer to leave "a copy of this warrant and a receipt for the property taken, and prepare a written inventory of the property seized. . . ."
The record is clear to the conclusion that the above directives were fully complied with. While the lists of property taken from the shoe shop and car were not expressly designated as receipts, it is clear that they fully performed that function as required by the search warrant and § 15-5-11
Code of Alabama 1975. We find no error in denying appellant's motion to suppress on this ground. See generally, Hale,Searches and Seizures in Violation of an Alabama Statute, 40 Ala. Lawyer 527, 530 (1979).
Appellant asserts that the trial court erred in admitting the affidavits supporting the search warrants. After they were properly identified and authenticated, the trial court admitted them into evidence for the limited purpose "of showing the basis for the warrants issued thereon. . . ." After the State had rested, the trial court reversed its prior ruling. It stated that the affidavits had not been "displayed to the jury . . . whenever they were offered . . . and on further objection I would sustain that and would not permit it to be shown to the jury."
Neither the record on appeal nor appellant's brief offers anything to contradict or otherwise reduce the credibility and accuracy of the above quoted statement of the trial court. Initially, the trial court ruled adversely to appellant, but afterwards agreed with him and changed its ruling to be favorable to him. Appellant suffered no *Page 578 
prejudice by the trial court's actions. Further, no adverse ruling exists from which appellant may appeal. Van Antwerp v.State, 358 So.2d 782 (Ala.Cr.App.), cert. denied, 358 So.2d 791
(Ala. 1978).
Appellant contends that the trial court erred in sustaining the State's objection to the following question propounded to him by his counsel on direct examination:
 "Q Has anybody in the last year or two, tried to come a partner with you in that business [the shoe shop]?"
Counsel for appellant stated that the question was material in that "we think he was set up . . ." and that appellant wanted to show that he had ". . . received several telephone calls in the last year from people wanting to come in with him in his business. He is the only black that I know of in the City . . . that has . . . two going businesses and we want to bring that out, that somebody set him up in this case."
In Dennard v. State, 405 So.2d 408, 410 (Ala.Cr.App. 1981), this court, quoting from Hill v. State, 366 So.2d 296, 314
(Ala.Cr.App. 1978), aff'd, 366 So.2d 318 (Ala. 1979), stated:
 "`Evidence, to be competent and admissible, must be relevant. That is to say, evidence must tend to prove or disprove the issues before the jury. The determination of the relevancy or lack of relevancy of particular evidence rests largely in the sound discretion of the trial judge. It is, therefore, the duty of the trial judge to limit evidence to the points in issue so that the attention of the jury is not distracted, nor withdrawn from the primary issues, to be directed towards foreign matters or issues of questionable or doubtful relevancy.' (Citations omitted)"
The trial court may exclude evidence when it is such as to furnish a basis for nothing more than mere conjecture or remote inferences in reference to the transaction under investigation.Hadnot v. State, 3 Ala. App. 102, 57 So. 383, 384 (1912).
We are of the opinion that it was not made to appear, by appellant's offer of proof, that the question objected to called only for legal evidence, relevant and not remote to the issues presented by the pleadings. We find no error in the trial court's ruling.
Lastly, appellant argues that the State committed reversible error in its closing argument. We quote the pertinent portion of the record.
 "MR. JOHNSON: Let's look at his character witnesses. One of them was Johnny Crenshaw who is a member of the black community and to whom this defendant makes his payments to. So I'm not saying that Johnny would get up here and say anything to you that wasn't so but I suspect that he would like to see the man stay out —
 "MR. PRESTWOOD: Now we want to get an objection in the record to his reference that Mr. Crenshaw was a member of the black community and the defendant being a member of the black race, too.
"THE COURT: You may continue."
The trial court did not rule on appellant's objection, and appellant made no objection to its failure to rule.
This court's jurisdiction is appellate only, Hill v. State,409 So.2d 943 (Ala.Cr.App. 1981), and its review is limited to matters on which rulings are invoked at the trial court. Harrisv. State, 420 So.2d 812 (Ala.Cr.App. 1982). An adverse ruling is a preliminary requirement to preservation of error for appellate review. Walker v. State, 416 So.2d 1083 (Ala.Cr.App. 1982).
Generally, improper argument of counsel is not a valid ground for a motion for a new trial or subject to review on appeal unless there is a timely and specific objection by counsel or a motion to exclude, an adverse ruling thereon by the trial court, or a refusal of the trial court to make a ruling, and an objection thereto. Johnson v. State, 272 Ala. 633, 133 So.2d 53
(1961); Espey v. State, 270 Ala. 669, 120 So.2d 904 (1960);Jackson v. State, 260 Ala. 641, 71 So.2d 825 (1954); Lawson v.State, 377 So.2d 1115 (Ala.Cr.App.), cert. denied,377 So.2d 1121 (Ala. 1979). For a compilation of cases, see 6B Alabama Digest Criminal Law 1037.1 (1), (2), (4). The grounds urged on a *Page 579 
motion for a new trial must ordinarily be preserved at trial by timely and specific objections. Smith v. State, 393 So.2d 529
(Ala.Cr.App. 1981). Thus, nothing is presented for our review.
Nevertheless, the testimony of Crenshaw revealed that appellant owned and operated the Crenshaw Cafe and that appellant made payments to him. Consequently, the comment of the State was an attempt to illustrate the interest Crenshaw had in seeing a favorable verdict returned for appellant. The jury observed Crenshaw's race. Thus, the comment that he was "a member of the black community" was an observation the jury had previously made. No reference whatsoever was made to appellant's race. See e.g., McMorris v. State, 394 So.2d 392
(Ala.Cr.App. 1980), cert. denied, 394 So.2d 404 (Ala. 1981).
Based upon the overwhelming evidence of appellant's guilt presented, we are of the opinion that the above comment did little, if anything, to influence or prejudice the jury against appellant.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.