TYSON, Judge.
Irving Brister was indicted for the intentional murder of his wife, Brenda Pruitt Brister. The appellant was found guilty of this offense “as charged in the indictment,” and was sentenced to twenty years’ imprisonment in the pententiary.
The appellant does not challenge the sufficiency of the evidence and, thus, the facts will be only briefly outlined. On the night of May 24, 1986, the appellant went to church on Center Street in Birmingham, Alabama, which was having a casino night as a fund raising event. When he arrived, he saw his wife, who had left him a few days earlier, at one of the tables. The appellant and his wife exchanged words and the appellant then shot her three times. She died that night as a result of her wounds.
I
The only issue raised on appeal concerns questions of the appellant asked by the prosecutor and the prosecutor’s remarks during closing arguments. The relevant portions of the record are set out below:
“Cross-Examination
“Q This previous incident you said happened two months before this?
“A Yes.
*1355 “Q That would have been at the end of March, 1986?
“A Right.
“Q And you said she shot at you?
“A Right.
“Q Where did that happen?
“A In my van.
“Q In your van?
“A Yes.
“Q Were you driving the van?
“A Yes, I was.
“Q And she was a passenger in the van?
“A Yes.
“Q And she pulled out a gun and shot at you?
“A She got my gun out of the glove compartment and she was talking and all of a sudden she just shot.
“Q She just shot. Was Juanicia there?
“A No, wasn’t nobody in the van but her and myself.
“Q Tell the ladies and gentlemen of the jury about the incident when Juanicia was there when you shot at her.
“A No, I never shot at Brenda.
“Q You haven’t?
“A No. (R. 87-88.)
“Q But you hadn’t had any problem with Juanicia and she wouldn’t have any reason, as far as you know, to lie about you, would she?
“A I don’t know. No, I’ve never had— we have never had any problems. I was good to Nicia.
“Q And you are telling the ladies and gentlemen of the jury that other than the occasion when you shot and killed her, the only other time that there have ever been any guns between the two of you is when she fired that shot into the door of your van?
“A No, there was one other time.
“Q Is that when you shot at her?
“A I don’t — I didn’t shoot at Brenda. Brenda went up the street and she shot back and the children were in the car with me. Nicia left and ran and my little girl was still in the car. I never shot at Brenda until I shot.
“Q You had never shot at her?
“A No.
“Q Well, did you shoot near her, trying to scare her?
“A No.
“Q Did you shoot up in the air?
“A No.
“Q Well, is this the first time you had ever fired a gun, the night you killed her?
“A No.
“Q Tell the ladies and gentlemen of the jury about when you did fire a gun when she was around.
“A New Year’s we went out in Oxmoor and wfe fired guns out there.
“Q Target practice?
“A Yes.
“Q That is the only time?
“A Right. (R. 95-97.)
“MR. BROWN: Mr. Johnson said, among other things, that I asked the question about this defendant previously shooting at her, about Juanicia talking about it, wasn’t Juanicia there? And he has stood right here and said that’s not true. I didn’t call Juanicia up here because I don’t want to put that little girl through the trial—
“MR. JOHNSON: I object to that, that is a patently improper argument. Because there is no testimony about that and now she doesn’t have to testify.
“MR. BROWN: He chose to say it’s not true.
“MR. JOHNSON: And she wouldn’t have testified.
“MR. BROWN: He didn’t say it wasn’t in evidence, Judge, he said, ‘it’s not true.’ And I am entitled to reply to that statement.
“THE COURT: Go ahead.
"MR. JOHNSON: Judge, that—
“THE COURT: What is your objection?
“MR. JOHNSON: My objection is he is now going to argue about something somebody would not have testified to. And he did not call, he is going to argue about something that is not in evidence.
*1356 “THE COURT: He cannot give testimony for an absent witness.
“MR. BROWN: Don’t intend to.” (R. 141-42.)
While we agree that the prosecutor’s questions and his remarks to the jury were improper, this issue is not properly before this court.
First of all, defense counsel did not object to the prosecutor’s line of questioning of this appellant. Thus, this matter is not preserved for our review. Moore v. State, 457 So.2d 981 (Ala.Cr.App.), cert. denied, 457 So.2d 981 (Ala.1984); Williams v. State, 409 So.2d 949 (Ala.Cr.App.1981), cert. denied, 409 So.2d 949 (Ala.1982).
Secondly, although defense counsel objected to the prosecutor’s improper argument, he did not receive an adverse ruling on his objection.
“This court’s jurisdiction is appellate only, Hill v. State, 409 So.2d 943 (Ala.Cr.App.1981), and its review is limited to matters on which rulings are invoked at the trial court. Harris v. State, 420 So.2d 812 (Ala.Cr.App.1982). An adverse ruling is a preliminary requirement to preservation of error for appellate review. Walker v. State, 416 So.2d 1083 (Ala.Cr.App.1982).
“Generally, improper argument of counsel is not a valid ground for a motion for a new trial or subject to review on appeal unless there is a timely and specific objection by counsel or a motion to exclude, an adverse ruling thereon by the trial court, or a refusal of the trial court to make a ruling, and an objection thereto. Johnson v. State, 272 Ala. 633, 133 So.2d 53 (1961); Espey v. State, 270 Ala. 669, 120 So.2d 904 (1960); Jackson v. State, 260 Ala. 641, 71 So.2d 825 (1954); Lawson v. State, 377 So.2d 1115 (Ala.Cr.App.), cert. denied, 377 So.2d 1121 (Ala.1979).”
Trawick v. State, 431 So.2d 574, 578 (Ala.Cr.App.), cert. denied, 431 So.2d 574 (Ala.1983).
The only exception to this rule is when such argument is so objectionable that it is ineradicable from the jury’s minds. We do not believe this exception exists here.
Thus, this issue was not properly preserved for our review on this appeal.
The judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.